### HOLT v. RICHARDSON.

When a time is to be computed *after* a certain date, it is meant that such day should be excluded in the computation. Accordingly, where the defendant in a dispossessory warrant issued under the Civil Code, § 4821, is given notice by the officer on November 7th (which falls on Thursday) that "after the expiration of three days (not counting Sundays or public holidays)" the officer will evict him unless he files the statutory counter-affidavit, the defendant has three lay or working days, viz., the 8th, 9th, and 11th of November, within which to file his defense, and the officer can not legally evict him before November 12th.

MARCH 19, 1910.

Action for damages. Before Judge Meadow. Gwinnett superior court. May 15, 1909.

*J. A. Perry,* for plaintiff in error.    *N. L. Hutchins,* contra.

EVANS, P. J. The suit is in trespass against an officer for an alleged illegal eviction of the defendant under a dispossessory warrant issued under the Civil Code, § 4821. The parties concede that the only question in the case is that shown by the syllabus; and the ruling there made is fully supported by the authorities. *Knoxville City Mills Co.* v. *Lovinger,* 83 *Ga.* 563 (10 S. E. 230); *Rusk* v. *Hill,* 117 *Ga.* 722 (45 S. E. 42).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*