## NOTICE OF APPEAL IN A CONTESTED ELECTION.

Court of Appeals for Ashtabula County.

### H. D. Cook v. I. H. Pardee.

Decided, September Term, 1914.

*Contest of Election of Mayor—Notice of Appeal—Measurement of Time for Taking of Depositions—Requirement as to Time Jurisdictional —Wrong Date of Notice of Appeal—Effect of Dismissal of Notice of Appeal Without Prejudice.*

1. In measuring the minimum time in which depositions can be taken under the provisions of the General Code, Section 5149, the day of service of notice of the notice of appeal must be excluded and ten days must intervene, excluding the day of service before the deposition can be taken; and if the notice of appeal states a shorter time, the depositions taken by contestant, without the appearance of contestee, should be stricken from the files on motion of contestee.

2. A mistake in the notice of appeal in the contest of an election by naming a date for taking depositions less than ten days after the day of service of notice of the contest does not deprive the court of common pleas of jurisdiction of such proceedings.

3. Where notice of appeal in the contest of an election is dismissed without prejudice to a new action on motion of contestant a second appeal may be taken by the same contestant within the time fixed by statute.

*H. R. Hill, Frank F. Gentsch* and *H. E. Starkey,* for plaintiff in error.

*B. F. Perry, J. F. Munsell* and *A. T. Ullman,* contra.

Pollock, J.; Metcalfe, J., and Spence, J., concur.

The plaintiff, H. D. Cook, and the defendant, I. H. Pardee, were candidates for mayor of the city of Ashtabula at the municipal election held in that city on the 4th day of November, 1913.

Upon the canvass of the votes cast at that election, the deputy state supervisors of elections for Ashtabula county delivered to the defendant, Pardee, a certificate of election as mayor of said city.

On the 2d day of December of the same year the plaintiff, H. D. Cook, filed with the clerk of the court of common pleas a notice of appeal to contest the election of I. H. Pardee, and on the same day caused notice in writing of such notice of appeal to be served on the defendant, I. H. Pardee.

On December 8th, Pardee, appearing for the purpose of the motion only, moved the court to set aside the pretended service for the reason that the pretended service showed upon its face that no notice was served upon said contestee. This motion was overruled, and then the contestee filed a further motion on the ground that prior to the filing of this notice the contestant had filed a notice of contest of the same election, and afterwards dismissed it without prejudice to a new action. This motion was also overruled by the court.

Thereupon the contestee filed a further motion asking that the depositions taken in obedience to the notice of contest be stricken from the files. Upon a hearing this motion was sustained, and the depositions were stricken from the files.

Thereupon the contestee filed a motion to set aside the pretended service of notice on contestee of notice of contest, and to quash said appeal, which was sustained by the court and the proceedings dismissed. The judgments of the court striking the depositions from the files, and setting aside the service of notice and quashing the appeal, are assigned as errors by the plaintiff in error in this action.

Section 5169 of the General Code provides that the election of city officers may be contested in the manner provided for the contest of the election of county officers.

Section 5148 provides that the election of county officers may be contested by any elector of the county by appeal to the court of common pleas of the county.

Section 5149 provides for notice of the appeal as follows:

"The contestor shall file a notice of such appeal with the clerk of such court and give notice thereof in writing to the contestee, or leave such notice at the house where he last resided, on or before the thirtieth day after the day of election. The notice shall state the grounds of contest and the names of two justices of the peace before whom depositions will be taken, and the place,

and a time not less than ten days nor more than twenty days from the day of service thereof, where and when such justices will attend and take the depositions.''

Referring now to the error complained of in striking the depositions from the files, the contestee claims that the date named in the notice of contest was less than ten days, as required by the provision of the above section. Notice of the contest was filed with the clerk of court, and service thereof was made on the 2d day of December. This notice provided that the depositions should be taken on the 12th day of December. It is urged that this was less than the ten days time provided by statute. It will be observed that the statute provides that the depositions shall be taken not less than ten days from the day of service thereof.

The Supreme Court of this state in the case of *State, ex rel Harnes,* v. *Roney,* 82 O. S., 376, say:

''A statute, declared to take effect from and after a date named, takes effect on the day after the day of the date named.''

And in the same case Justice Summers in the opinion says that the word ''from'' is a word of exclusion. Following the holding in this case the word ''from'' would exclude the 2d day of December, the day the notice was served. Counting from that date the ten days notice required by the code would not have expired until December 13th, and that day would have been the first day that the depositions could have been taken.

This rule will be further illustrated by reference to the case of *Best* v. *Doe,* 21 Lawyers Edition, U. S., 805; *Bemis* v. *Leonard,* 18 Mass., 502 (19 American Rep., 70); *Holt* v. *Richardson,* 134 Ga., 297 (67 S. E., 798).

There was no error in the action of the court below in striking the depositions from the files.

The next error complained of was in the court sustaining the motion to set aside the service of notice and dismissing the appeal. Some little complaint is made on the part of the contestee of the notice served upon him—that it recited that the notice of appeal was filed on the 2d of November. This was a mere clerical

error and could not deceive the defendant. The election which was being contested was not held until after the 2d of November. In addition to that the statute does not provide for notice of the date of filing. It says that the contestor shall file a notice of such appeal with the clerk, and give notice thereof in writing to the contestee. The mistake in date of filing notice of contest did not deprive the court of jurisdiction.

Some objection is made that the notice served on the contestee did not contain a copy of the notice of appeal filed with the clerk, but simply stated that a copy of such appeal is hereto attached. If it is necessary that the notice served on the contestee should contain a copy of the notice of appeal filed with the clerk, the attaching of it to the notice would be sufficient; it would then be part of the written notice served on defendant. But an examination of Section 5149 will show that it was not necessary that the copy of the notice of appeal filed with the clerk should be served upon the contestee. The section only provides that the contestee shall have notice in writing that a notice of contest has been filed with the clerk. This would not require that a copy of the notice of appeal accompany the notice to the contestee, or be served on the contestee.

We come now to the principal ground claimed for dismissing these proceedings. We have already stated that the notice of appeal was filed on the 2d day of December, and provided that depositions should be taken before two justices of the peace on the 12th day of December, and that the time fixed by this notice for taking the depositions was not sufficient under the requirements of the statute, and that it was proper to strike the depositions from the files. The question now to be determined is, is the requirement in the statute of the time depositions shall be taken jurisdictional, and if an error has been made in stating the time for taking the depositions does it deprive the court of common pleas of jurisdiction to hear and determine the contest?

Not much assistance in determining this question can be received from the adjudicated cases. It must largely be worked out from the statutory provisions providing for the contest of

elections, but it may not be amiss to refer to the holding of our Supreme Court in construing statutes under somewhat similar conditions.

In the case of *Collins, Executor,* v. *Millen et al,* 57 O. S., 289, Bradbury, Justice, on page 291, in speaking of the right of appeal, says:

"The right, doubtless, is remedial in its nature; it is a proceeding in a civil action, given by our code of civil procedure, and falls within the letter and spirit of Section 4948, Revised Statutes, which commands a liberal construction of the provisions of our civil code.

"This court has heretofore recognized these liberal principles in a number of cases respecting steps necessary to perfect an appeal, and has been especially liberal in sanctioning amendments made to cure defects in the methods that parties have pursued in exercising this right of appeal."

The court at that time had before them an appeal in a civil action. We are considering not an appeal in a civil action, but in a special proceeding from a board, but we think the same liberal construction should be placed upon the statutes in this proceeding.

And further, on page 292 of the same case, the justice says:

"We recognize, however, that the courts can dispense with no condition prescribed by statute, as necessary to perfect an appeal, and that the only field open to the display of liberality in this connection is in the construction of the statutes that prescribe these conditions."

And in this case we are not dispensing with a requirement prescribed by the statute, but we are determining whether a mistake in stating the time fixed by the statute for taking depositions will destroy the jurisdiction of the court over the proceedings.

Again, in the case of *Howard* v. *Shields,* 16 O. S., Justice Welch, in the opinion on page 189, says:

"We think the notice was sufficient. It contains all that the statute requires—notice that the election will be contested, and a specification of the 'points' relied upon. There is no analogy between such a notice and a declaration at law."

In that case they were considering whether or not the grounds of the contest had been set out with sufficient particularity, and they construed that provision of the statute liberally.

Now, then, applying these rules to the present case we find that the notice of appeal filed with the clerk set out with special particularity all of the requirements of Section 5149, including when the depositions should be taken, but upon an examination of the time fixed for taking the depositions that the time allowed the defendant was not sufficient. The object of giving the contestee notice is that he may be apprised of the fact that there is a contest, and also of the grounds of that contest, in order that he may have a proper opportunity to meet the claims of the contestant.

The provision for taking the depositions is a mere procedure for getting the evidence before the court, and if there was no other provision for bringing the evidence before the court the mistake as to time might be fatal to contestant's proceedings, but the statute is now amended so that under the provision of Section 5152 a trial can proceed by taking oral testimony or depositions, as in civil actions. The striking from the files of these depositions would not deprive the contestant of an opportunity of introducing evidence in the case. He could produce his evidence under the provision of the latter section.

We think that it is placing too technical a construction upon a statute which should be liberally construed in order that the will of the people as expressed at the polls might be carried out, to hold that a mere mistake in the time provided for taking the depositions was jurisdictional, and deprived the court of common pleas of the right to hear and determine the case. We think that it was error in the court to sustain the motion to set aside the service and dismiss the appeal.

The defendant in error further urges that even if the court was in error in this, that the court erred in overruling the motion to dismiss the poceedings on the ground that there had been a prior notice filed of a contest of this election by the same contestant, and therefore there was no prejudicial error in the dismissal of this case.

The record shows that on the 20th day of November, 1913, the contestant filed a notice of appeal with the clerk of the court of common pleas of this county contesting the same election of the contestee; that on the 28th of November a motion to make this notice of contest more definite and certain was filed and sustained, and that afterwards, on the 2d day of December, the contestant caused an entry to be made as follows:

"This day came the plaintiff, by his attorney, and dismissed this action at his costs without prejudice to a new action. No record to be made."

The contestee claims that this proceeding was an adjudication of the matter, and an affirmance of the acts of the board of deputy state supervisors of elections.

In the case of *Siegfried* v. *Railroad Co.*, 50 O. S., 294, the Supreme Court, in the opinion on page 296, distinguish between the dismissal of an action by the court and the voluntary dismissal of an action by the plaintiff himself without prejudice, and in the last sentence of the opinion the court say:

"A dismissal by the plaintiff involves no action of the court; it is a voluntary withdrawal of his case, and is not a failure in the action."

Again the Supreme Court in the case of *Wanzer* v. *Self*, 30 O. S., 378, say in the second proposition of the syllabus:

"A judgment dismissing an action with prejudice to a future action is an entirety, and, though it may have been so rendered erroneously, it will not constitute a bar to a subsequent action upon the same subject-matter."

Black, in his work on Judgments, Section 721, says:

"Where a bill in equity is dismissed 'without prejudice,' the effect of the reservation is to prevent the decree from constituting a bar to another suit brought upon the same subject-matter.

"If the decree is absolutely void for want of authority to make such a reservation, there is no valid adjudication to stand in the way of a new suit. And if it is merely irregular or erroneous, it must be corrected on appeal, and until that is done, it must stand as rendered and can not be impeached collaterally."

The first appeal was dismissed by the voluntary action of the contestant without prejudice and is not a bar to a second appeal, by the same contestant, if perfected within the time fixed by the code.

We think there was no error in the court's action in overruling the motion to dismiss the action on this ground. The judgment of the court below is reversed and the cause remanded.