[No. 8243. *En Banc*. March 3, 1910.]

RUFUS H. SMITH *et al., Appellants,* v. SEATTLE CAMP No. 69, WOODMEN OF THE WORLD, *Respondent.*[1]

LANDLORD AND TENANT—FORCIBLE ENTRY AND DETAINER—STATUTE —CONSTRUCTION. Provisions as to the time and manner of bringing the special proceeding of forcible entry and detainer against a tenant are to be strictly construed and the provisions of the general practice act for service by mail are not applicable (FULLERTON, J., dissenting).

SAME—NOTICE TO QUIT—SERVICE—WHEN COMPLETE—PREMATURE ACTION. Under Rem. & Bal. Code, § 812, making a tenant guilty of unlawful detainer if notice to quit or pay rent remains uncomplied with for the period of three days after service thereof, and § 814, providing for service of notice on a corporation, if no one is found on the premises, by posting a notice thereon and "sending a copy through the mail," addressed to the corporation, etc., service is not complete until the copy mailed is received by the corporation, as the statute contemplates three full days within which to comply with the notice; hence where a copy is mailed January 2, and not received until Monday, January 4, an action commenced January 6, is premature, and tender of rent on that day is in time (RUDKIN, C. J., GOSE, and MOUNT, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 26, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action of forcible entry and detainer. Affirmed.

*Weter & Roberts,* for appellants.

*McMartin & Dricken, T. P. Revelle, F. H. Holzheimer,* and *T. B. McMartin,* for respondent.

MORRIS, J.—Respondent was the lessee of a building in Seattle, used by it for camp purposes, of which appellants

[1]Reported in 107 Pac. 372.

were the owners. The rental was $200 monthly, in advance. On January 2, 1909, respondent being then in arrears for three months' rent, the appellants gave notice to pay the rent within three days or surrender possession of the premises. This notice was served by posting a copy upon the front door of the building, and, finding no person in charge of the premises, a copy was upon the same day mailed to respondent, addressed to it at the premises in question, which notice so addressed was received by respondent on Monday, January 4. On January 6, appellants commenced this action by service of summons and complaint, and upon the same day respondent tendered to appellants' authorized agent the $600 then due as rent. The same was refused, and subsequently was paid into court. Respondent then filed its answer, setting forth among other matters its tender of the rental due, on January 6 and before the commencement of the action by service upon it. The court below, upon the hearing of these issues, found that the action was prematurely brought, and entered judgment for respondent, and this appeal follows.

The only question presented by this appeal is, were the appellants justified in commencing the action on January 6. We think not. The forcible entry and detainer statute, being a special proceeding, is not governed by any of the provisions of the general practice act, and its provisions in regard to the time and manner' of bringing actions thereunder must be strictly construed. *Alworth v. Gordon*, 81 Minn. 445, 84 N. W. 454; 3 Wait, Law & Practice, 799.

The provisions of the general practice act in regard to service by mail, which are cited and discussed in the briefs, will not therefore be considered, as they can be of no value in determining the question before us. Recourse must alone be had to the act under which the action is brought. Its provisions are (Laws 1905, p. 173, ch. 86, § 1):

"A tenant of real property for a term less than life is guilty of unlawful detainer . . . 3. When he continues in possession in person or by subtenant after a default in

the payment of any rent, and after notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises, served (in manner hereafter in this act provided) in behalf of the person entitled to the rent upon the person owning the same, shall have remained uncomplied with for the period of three days after service thereof. . . ." Rem. & Bal. Code, § 812.

"Sec. 2. . . . (3) . . . Service of any notice provided for in this act may be had upon a corporation by delivering a copy thereof to any officer, agent or person having charge of the business of such corporation, at the premises unlawfully held, and in case no such officer, agent or person can be found upon such premises, then service may be had by affixing a copy of such notice in a conspicuous place upon said premises and by sending a copy through the mail addressed to such corporation at the place where said premises are situated. . . ." Rem. & Bal. Code, § 814. .

It will be observed that the service upon a corporation, when personal service cannot be had, consists of two acts; affixing a copy of the notice in a conspicuous place upon the premises, and sending a copy through the mail. Neither one of these alone is sufficient; both must concur. Referring again to the first quoted section, we find the provision that the tenant is not guilty of unlawful detainer until he continues in possession after notice served upon him shall remain uncomplied with for the period of three days. So that; whether the service be personal or in the substituted form permitted by the statute, three days must elapse thereafter before action may be commenced. The full three-day period is of the very essence of the statute, and without it there can be no subjection to its terms.

It will not do to say that the notice was posted three days, for such a posting cannot confer the right of action until it shall be supplemented by the concurrent act of mailing, and the lapse of three days after such service. Posting and mailing being two acts but one service, it is as essential that the three-day period shall follow the receipt by mail as that it shall follow the receipt by affixing to the door. Otherwise

there would be no effect given to the words "three days after service thereof," as applied to the notice. The object of these two provisions is to insure the receipt of the notice, and the statute has sought to safeguard it by requiring the two acts. If the tenant does not have his attention called to the posting on the door, he still has the assurance that it must be served upon him by mail, and that he will have three days thereafter in which to protect his possession. If the posting alone and the lapse of three days thereafter was deemed sufficient, there could be no necessity for the mailing; the fact that mailing is required is determinative of the requirement that it must give three days' notice, as does its concurrent posting. The purpose and intention of the affixing upon the door and of the sending by mail is to give notice, and there can be no giving of notice until notice is received. In the one case it is received upon the front door of the premises; in the other it is received through the agency of the mail. It appearing that the notice by mail was received January 4, and the action was commenced January 6, the tenant did not have three days in which to determine whether he would surrender or retain his possession, and until that time had elapsed his rights could not be terminated. As is said in *Alworth v. Gordon, supra,* the essential thing is that the tenant receive the notice in due time, and if the landlord selects the mail as the agency for delivering the notice, he takes the risk of its coming into the tenant's hands in due time.

We, therefore, hold the court below was correct in holding the action to be prematurely brought, and the judgment is sustained.

PARKER, CHADWICK, and CROW, JJ., concur.

FULLERTON, J. (concurring)—I concur in the result for the reason that I think the general statute relating to service by mail applies to this proceeding, and that the respondent had six days in which to comply with the notice to quit and was not in default when the action was begun.

Rudkin, C. J. (dissenting)—In my opinion the service of the notice to quit was complete as soon as a copy was affixed to the premises and a second copy deposited in the post office properly addressed. I therefore dissent.

Gose and Mount, JJ., concur with Rudkin, C. J.