8552

SEABOARD AIR LINE RY. CO. v HEWLETT.

1. CLAIM AND DELIVERY—UNDERTAKING.—An action on a claim and delivery bond, where the action in claim and delivery has been dismissed for want of jurisdiction, cannot be maintained on the ground that a return of the property taken had been adjudged and not made. *Elder* v. *Greene,* 34 S. C. 154, *distinguished from this case.*

2. IBID.—IBID.—Where such bond is conditioned to prosecute, the action may be maintained on this provision where the case was dismissed on defendant's motion for want of jurisdiction.

3. IBID.—IBID.—CAUSE OF ACTION—APPEAL—ADDITIONAL GROUNDS.— Where the complaint on the bond sets out the bond in full by attaching a copy and alleges the dismissal of the claim and delivery action for lack of jurisdiction, the institution of the suit in magistrate court, giving the bond and taking the property, and defendant moves for direction of verdict because there is no proof of failure to return and plaintiff resists on that ground *alone,* and his complaint is framed on that cause of action, still it was error to direct a verdict against plaintiff as he has a right to recover on the condition of the bond for failure to prosecute, whatever damages he has sustained by reason of the taking of the property.

MR. JUSTICE FRASER *dissents.*

Before RICE, J., Barnwell, Spring term, 1912.    Reversed.

Action by Seaboard Air Line Railway Company against J. H. Hewlett and A. J. Carter.    Plaintiff appeals.

*Messrs. Lyles & Lyles, E. L. Craig* and *Harley & Best,* for appellant, cite: 34 S. C. 156; 34 Cyc. 1578; 52 S. C. 164.

*Mr. J. M. Patterson,* contra, cites: 34 S. C. 156.

May 20, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The defendant, Hewlett, brought an action of claim and delivery in the court of a magistrate against the plaintiff, Seaboard Air Line Railway Company, to recover possession of a car of cotton seed, which the company claimed the right to hold for demurrage charges, amounting to $21. Hewlett gave bond, as required by statute, conditioned, among other things, for the prosecution of said action, and the seed were taken from the company and delivered to him. Upon the call of the case for trial, it was dismissed, on motion of the railway company, on the ground that the magistrate had no jurisdiction,—the particular ground being that the day of trial was fixed in the summons twenty-one days after the day of service instead of on a day *within* twenty days thereafter, as required by the statute.

The railway company then brought this action on the bond. The Circuit Court held that no breach of the condition of the bond had been proved, and directed a verdict for the defendants.

While, in some respects, the case of *Elder* v. *Greene,* 34 S. C. 154, is like the present case, there is at least one important difference. It appears, from the report of that case, that the condition of the bond there sued on was "for the return to the defendants of the said property, or so much thereof as shall be taken by virtue of the said affidavit and requisition thereupon endorsed, if a return thereof shall be adjudged." It will be observed that the bond in that case was not conditioned for the prosecution of the action. Therefore, the Court held that, as the condition of the bond was "for the return to the defendants of the said property * * * if a return thereof shall be adjudged," and as the trial justice had no jurisdiction to order the return of the property, his order to that effect was a nullity, and no return thereof having been legally adjudged, there had been no

breach of the condition of the bond. Nevertheless, in order that the parties might not be denied the opportunity of trying their right and title to the property in dispute, and that injustice might not be done, the Court remanded the case with leave to the plaintiffs to apply for an amendment of their complaint so as to make the action one for trespass for the illegal seizure of the property rather than an action on the bond, which it was held to be.

In this case, however, one of the conditions of the bond was "for the prosecution of the action." So that the question here is whether the dismissal of the action of claim and delivery for lack of jurisdiction, even though it was done on motion of the defendant in that action (plaintiff here), was a breach of the condition of the bond. That question has been conclusively answered in the affirmative by this Court in *Alderman* v. *Roesel,* 52 S. C. 162, where an order of discontinuance of an action of claim and delivery was taken by the plaintiff, who had given bond to prosecute the action. The Court said: "Is such discontinuance of an action a breach of the condition of the bond to prosecute? To prosecute an action, so far as concerns the matter in hand, is to carry it on to final effect, and so the bond in question is conditioned to carry on the action to effect. Where a plaintiff abandons his action, fails to prosecute it, discontinues it on his motion, or where it is dismissed for 'want of prosecution, there is a breach of the condition to prosecute." In 34 Cyc. 1578, it is said: "A dismissal of such a suit is held to constitute a breach of the bond, entitling the obligee to an action for the return of the property or its value, *although such dismissal was ordered on his own motion for defect in the writ, for want of jurisdiction,* or for failure of plaintiff to prosecute." (Italics added.) To the same effect is 24 A. & E. Enc. L. (2d) 539.

From the foregoing statement of the law, which is well supported by the authorities, it appears that it makes no difference that the action of claim and delivery was dismissed

on motion of the defendant, and there is no reason why that fact should prejudice the defendant's right of action on the bond. If the plaintiff in claim and delivery should fail to prove his right to the possession of the property, and, for that reason, be nonsuited, on motion of defendant, should defendant, on that account, be denied the protection of the bond which the statute required the plaintiff to give as a prerequisite of being allowed to take the property for his possession? The bond is required upon the supposition that the plaintiff might have no case, or, having one, might fail to prove it. Or, suppose the plaintiff brings his action in a Court which has no jurisdiction, gives bond and takes possession of defendant's property, must defendant submit to the trial of the case in a Court whose judgment would be a nullity and could not be pleaded in bar of another action at the peril of being told, if he moves to dismiss the action for want of jurisdiction, that because he has done so he has no right of action on the bond? Such a holding would enable a plaintiff to take advantage of his own wrong, and get possession of a defendant's property without giving him that protection which the law requires.

It is said, however, that the breach of the condition to prosecute the action should not be allowed to avail appellant, because no such breach was alleged, or proved, or relied upon in the Court below. It is true that the failure to prosecute the action was not stressed, either in the allegations of the complaint, in evidence, or in the contentions of the plaintiff in the Circuit Court. The gravamen of plaintiff's complaint seems to have been the failure of defendant to return the property in accordance with an alleged judgment for the return thereof. Upon this ground, the plaintiff utterly failed to make out a case, because the uncontradicted evidence was that there was no judgment for the return of the property. Indeed, there could not have been any such judgment, because the magis-

trate held that he had no jurisdiction, and there was no appeal from his ruling. *Elder* v. *Greene, supra.*

The allegations of the complaint, however, were quite sufficient to entitle plaintiff to rely upon the failure to prosecute the action as a breach of the bond. The complaint alleges the institution of the action of claim and delivery in the magistrate's court, the giving of the bond in accordance with the provision of the statute (and a copy of the bond is attached to the complaint, as an exhibit, and made a part of the complaint, and in it there appears the condition to prosecute the action), the taking of the property from defendant and the delivery thereof to plaintiff, in consideration of the giving of the bond, and the dismissal of the action. To hold that these allegations are not sufficient to entitle plaintiff to rely upon the failure to prosecute the action as a breach of the bond would commit this Court to a strict and technical construction of a pleading, contrary to the spirit and mandate of the Code of Procedure as well as the previous decisions of the Court.

It must not be forgotten also that the defendants herein, and not the plaintiff, selected the battle ground in the Circuit Court, for the defendants moved for the direction of the verdict on the ground that plaintiff had failed to prove a judgment for the return of the property, and it was upon that ground that the motion was granted. It is true that plaintiff did not take the position on Circuit that the verdict could not be directed, because there was allegation and proof of a breach of the condition to prosecute, but merely resisted the motion of defendants on the ground upon which it was made. But this cannot avail respondent, because the error here complained of was one of commission and not one of mere omission; and the rule that errors of omission will not ordinarily be allowed to avail a party in this Court, unless the matter complained of was relied upon or brought to the attention of the Judge in the Circuit Court does not apply. This is more like the case of a demurrer to a complaint for

insufficiency on a particular ground, which may be well taken as to that ground, yet if the complaint states any cause of action, this Court has frequently held that it is error to dismiss it for insufficiency, though it may not state facts sufficient to constitute the particular cause of action which the complaint shows that the plaintiff intended to set up. So, it has been held that when the facts alleged and proved show that plaintiff is entitled to *any* relief, it is error to grant a nonsuit or direct a verdict for defendant. In such cases, it is the duty of the Court to grant the relief which, under the allegations and proof, the plaintiff is entitled to according to law.

It appears from the record that the plaintiff contended on Circuit that it was entitled to recover the penalty of the bond. In an action like this the plaintiff would be entitled to recover only such damages as it sustained by reason of the taking of the property from its possession; for instance, in this case, plaintiff is entitled to recover only such an amount, if any, as may be found to be due to it by the defendant, Hewlett, for demurrage charges on the car load of seed in question for the collection of which it was holding the seed. *Alderman* v. *Roesel, supra;* 24 A. & E. Enc. L. (2 Ed.) 540.

Reversed.

MESSRS. JUSTICES WOODS *and* WATTS *concur.*

MR. JUSTICE FRASER, *dissenting.* This is an action commenced in the Court of Common Pleas on a bond given in claim and delivery proceedings, in a magistrate's court, in which the respondent, Hewlett, was plaintiff, the respondent, Harter, was constable, and the appellant company was defendant.

The defendant moved to dismiss the proceedings in the magistrate's court, on the ground of want of jurisdiction, as the summons was returnable within twenty-one days instead of twenty days. There is some confusion in the record, but the magistrate sustained the motion and dismissed the

proceedings for want of jurisdiction and there was no appeal. The bond was for two hundred dollars and the appellant brought suit on the bond in the Court of Common Pleas. The following is the bond:

"Undertaking of plaintiff's sureties on claim of delivery of personal property.

"Whereas, the plaintiff in this action has made an affidavit that the defendant therein detains certain personal property in the said affidavit mentioned, of the value of one hundred and no dollars, and the plaintiff claims the immediate delivery of such property, as provided by law;

"Now, therefore, and in consideration of the taking of said property, or any part thereof by W. J. Harter, special constable of the county of Barnwell, by virtue of the said affidavit, and the requisition thereupon endorsed, we, the undersigned, A. J. Harter, J. H. Hewlett, do hereby undertake to be bound to the defendant in the sum of two hundred and no dollars for the prosecution of the action of the plaintiff in the case of *J. H. Hewlett* v. *Seaboard Air Line Ry. Co.* against the defendant for wrongfully detaining the said property, for the return to the defendant of said property, or so much thereof as shall be taken, by virtue of the said affidavit, and requisition thereupon endorsed, if a return thereof shall be adjudged; and for the payment to Seaboard Air Line Ry. Co. of such sum as may, for any cause, be recovered in this action against plaintiff. Dated December 10th, A. D. 1902. J. H. Hewlett (L. S.), A. J. Harter, M. D. (L. S.)"

The complaint set out the bond and alleged:

5. "That on or about the 31st day of December, 1909, said cause was called for a hearing before said magistrate and was dismissed, and it was adjudged that the said property was wrongfully and unlawfully taken out of the possession of said Seaboard Air Line Railway, and it was adjudged that the same should be returned forthwith to it, the plaintiff herein."

The case shows that the magistrate dismissed the proceedings, but did not order a return of the property. The Circuit Judge directed a verdict for the defendants (respondents) on the ground that no breach of the bond had been shown and the plaintiff appealed upon four exceptions, which will be considered as made.

Exception 1. "That his Honor erred in directing a verdict for the defendants when there was evidence that the condition of the bond set forth in the complaint, and introduced in evidence, had been breached, in that the property taken under the claim and delivery proceedings, by virtue of the affidavit in such proceedings, had not been returned to the Seaboard Air Line Railway as provided in said bond."

This exception should not be sustained. The bond was "for a return to the defendant of said property * * * if a return thereof shall be adjudged." There was no adjudication for the return, and, under the case of *Elder* v. *Greene*, 34 S. C., pg. 154, there could not have been. In this respect there has been no breach of the bond and this exception is overruled.

Exception 2. "That his Honor erred in directing a verdict for the defendants when the evidence tended to show that there had been a breach of the bond given in the claim and delivery proceedings, whereby J. H. Hewlett undertook to prosecute his action against the Seaboard Air Line Railway Company for wrongfully detaining the property taken in said claim and delivery proceedings."

This exception should not be sustained. *Alderman* v. *Roesel,* 52 S. C. 162, is not applicable here. That case says, at page 164: "Where the plaintiff abandons his action, fails to prosecute it, discontinues it on his motion, or where it is dismissed for want of prosecution, there is a breach of the condition to prosecute. * * * A voluntary discontinuance by him is no defense in such case." This case shows that the case was dismissed on appellant's motion. What action respondent, Hewlett, could have brought is not apparent.

He certainly could not have brought a possessory proceeding for property already in his possession. Besides the breach alleged is "failure to return the property and not failure to prosecute."

There is not only no allegation of a failure to prosecute, but there is no evidence of such failure. The question was not made in the Circuit Court and can not prevail here.

Exception 3. "That his Honor erred in directing a verdict for the defendants because the complaint contained sufficient allegations to sustain an action for trespass for the wrongful and unlawful seizure of the cotton seed under the proceedings before the magistrate, and there was evidence tending to sustain the allegations of the complaint necessary to maintain this action, and, therefore, the case should have been submitted to the jury."

This exception should not be sustained. The appellant stood squarely on the bond. There was no motion to amend. The appellant claimed the right to possession and based his right on an order that was not and could not, in law have been made. The right to treat this as an action for trespass was not claimed in the Circuit Court and can not be raised here. Appellant is still relying on the bond. The change to an action for trespass would be such an entire change of the whole case that this Court does not feel warranted in allowing it.

The fourth exception not being considered in argument is deemed abandoned. The suggestion of respondent that this Court give judgment absolute for the four or five dollars admitted to be due can not be accepted, as the admission is only by respondent. The case shows that appellant claims more than that sum.

I think the judgment of this Court should be that the judgment of the Circuit Court be affirmed.

*The Chief Justice concurs in the result.*