[No. 13502. *En Banc.* October 30, 1917.]

BIG BEND LAND COMPANY, *Respondent*, v. R. E. HUSTON
*et al., Appellants.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—SUMMONS—SUFFI-
CIENCY. A summons in unlawful detainer is void where it does not
state the nature of the action nor the relief demanded nor designate
the return day, as required by Rem. Code, § 818, as the statute must
be strictly followed.

SAME—UNLAWFUL DETAINER—COMMENCEMENT OF ACTION—ISSU-
ANCE OF SUMMONS—WRIT OF RESTITUTION. Under Rem. Code, § 817,
providing that, upon filing a complaint in unlawful detainer, a sum-
mons shall issue, and § 819, providing for the issuance of a writ of
restitution at or after the commencement of the action, the issu-
ance of a summons is necessary to the commencement of an action,
and the court has no jurisdiction to issue a writ of restitution until
the action has been commenced.

SAME—UNLAWFUL DETAINER—SUMMONS—TIME FOR ISSUANCE.
Rem. Code, § 818, providing for the issuance of a new summons
when the summons in unlawful detainer has not been served in
time, does not dispense with the necessity of issuing a summons
at the time the complaint is filed.

SAME—UNLAWFUL DETAINER—JURISDICTION OF ACTION. Unlawful
detainer cannot be commenced by a landlord after he has dispos-
sessed his tenant and reinstated himself in possession, as there
would be no adverse occupancy by the tenant, and hence no juris-
diction of the action.

Appeal from a judgment of the superior court for Lincoln
county, Sessions, J., entered September 21, 1915, upon find-
ings in favor of the plaintiff, in an action of unlawful de-
tainer, tried to the court. Reversed.

*John G. Barnes*, for appellants.

*Merritt, Lantry & Merritt*, for respondent.

WEBSTER, J.—Judgment having been rendered against the
defendants in an action of unlawful detainer, they bring the
record here by appeal.

[1]Reported in 168 Pac. 470.

Numerous assignments of error are discussed at length in the briefs and were ably presented on oral argument, but as the decision must turn on the point of whether the lower court acquired jurisdiction to hear and determine the case, we shall confine ourselves to a consideration of this question.

The controlling facts pertinent to this feature of the case are these: On March 4, 1915, the plaintiff, the Big Bend Land Company, filed with the clerk of the superior court of Lincoln county its complaint in unlawful detainer against the defendants, to which was attached a summons in the following form:

"The state of Washington to R. E. Hutson and Jane Doe Hutson, husband and wife, the above named defendants:

"You and each of you are hereby summoned to appear within *ten* days after the service of this summons upon you, exclusive of the day of service thereof, defend the above entitled action, answer the complaint herein, and serve a copy of your answer upon the undersigned attorneys at their address given below, and in the event of your failure so to do, judgment will be rendered against you as prayed for in the complaint herein, which will be filed with the clerk of the above entitled court, and a copy of which is hereunto annexed and herewith served upon you."

Immediately upon filing the complaint, the plaintiff caused to be issued a writ of restitution, which was placed in the hands of the sheriff of Lincoln county, and by him served on the defendants on the same date. On March 8, 1915, a copy of the summons and complaint was delivered to the sheriff, and on March 10, 1915, was served upon the defendants. On the latter day, the writ of restitution, which had been served on the defendants March 4, was executed by the sheriff by ousting the defendants from the land and by placing the plaintiff in possession thereof pursuant to the command of the writ. On March 17, 1915, the defendants appeared specially in the proceeding and moved the court to quash the writ of restitution, its service and its execution, and also to quash the summons, which was served upon the defendants

21—98 WASH.

upon the day on which the writ of restitution was executed. It may be well at this time to remark that the defendants have, at all subsequent stages of the proceedings, both in the court below and in this court, carefully preserved their special appearance. On April 10, 1915, the court entered an order denying the motion to quash the writ of restitution, but granted the motion to quash the summons, the plaintiff having confessed the defendants' position as being well taken in the latter respect. In the meantime and on March 19, fifteen days after the filing of the complaint, the plaintiff caused to be served upon the defendants a summons which it may be conceded was in form and substance sufficient under the provisions of Rem. Code, § 818. At this time the defendants had been ejected from the premises described in the writ of restitution, and the plaintiff had been put in possession. Thereafter such proceedings were had in the action that, on September 14, 1915, a judgment was entered "that plaintiff is entitled to and is hereby given possession of the following described land situated in Lincoln county, state of Washington, to wit." From the foregoing it will be observed that the summons, which was attached to the complaint and which was the only summons served upon the defendants prior to the execution of the writ of restitution and the ouster of the defendants from the property, was in a form wholly unknown to the laws of this state in any character of action, and in no material respect in conformity with the requirements of our statute relating to the character of summons in actions of unlawful detainer.

Section 818, Rem. Code, provides:

"The summons must state the names of the parties to the proceeding, the court in which the same is brought, the nature of the action, in concise terms, and the relief sought, and also the return day; and must notify the defendant to appear and answer within the time designated or that the relief sought will be taken against him."

In the summons served upon the defendants, the nature of the action is not stated, the relief demanded is not mentioned,

and no return day is designated. This is a special statutory proceeding, summary in its nature, and in derogation of the common law. It is an elementary rule of universal application in actions of this character that the statute conferring jurisdiction must be strictly pursued, and if the method of procedure prescribed by it is not strictly observed, jurisdiction will fail to attach and the proceeding will be a nullity. *Smith v. Seattle Camp, No. 69, W. O. W.*, 57 Wash. 556, 107 Pac. 372. The original summons is in neither strict nor substantial compliance with the statute and is clearly void.

The question therefore arises, may a plaintiff in an unlawful detainer action file a complaint, have no summons issued thereon—for a void summons is equivalent to no summons—obtain a writ of restitution, and have it executed by putting the tenant out of possession of the leased premises, and subsequently and while himself in possession, serve a summons upon the tenant and thereby confer jurisdiction on the court to hear and determine the controversy. The solution of the problem calls for examination of our statutes defining the procedure in actions for unlawful detainer, the applicable provisions of which are found in §§ 817, 818, 819, and 820, Rem. Code.

Section 817 provides that the complaint shall be in writing and must set forth the facts on which recovery is sought, describe the premises with reasonable certainty, may state any circumstances of fraud, force, or violence which may have accompanied the forcible entry or forcible or unlawful detainer, and claim damages therefor, or compensation for the occupation of the premises, or both; and in case of unlawful detainer after default in the payment of rent, the complaint must state the amount of rent in arrears. It then reads:

"Upon filing the complaint a summons must be issued thereon as in other cases, returnable at a day designated therein, which shall not be less than six nor more than twelve days from its date."

Section 818 prescribes the form of the summons, as already noted. Section 819 relates to the issuance of the writ of restitution, and provides that the plaintiff, at the time of commencing an action of unlawful detainer or at any time afterward, may apply to the judge of the court in which the action is pending for a writ of restitution restoring to the plaintiff the property in the complaint described, and the judge shall order the writ to issue. The writ must be issued by the clerk of the court and be returnable in twenty days after its date, but before any writ shall issue prior to judgment, the plaintiff shall execute to defendant and file in court a bond in such sum as the court or judge may order, with two or more sureties to be approved by the clerk, conditioned that plaintiff will prosecute his action without delay and will pay all costs that may be adjudged to the defendant and all damages which he may sustain by reason of the writ having been issued, should the same be wrongfully or improvidently sued out.

Section 820, relating to the service of the writ of restitution, in substance provides that the sheriff shall, upon receiving the writ, forthwith serve a copy thereof upon the defendant, his agent, or attorney, or person in possession; but shall not execute the same for three days thereafter, within which time the defendant may execute to the plaintiff a bond, to be filed with and approved by the clerk of the court, in such sum as may be fixed by the judge, with two or more sureties, conditioned that they will pay to the plaintiff such sum as he may recover for the use and occupation of the premises or any rent found due, together with all damages the plaintiff may sustain by reason of the defendant occupying or keeping possession of the premises, and also the costs of the action. This section contains some additional provisions, but they are not material here. It will be seen that the provision requiring the issuance of a summons upon the filing of the complaint is mandatory, as is the requirement that a return day must be designated in the summons, which shall not be less

than six nor more than twelve days from its date. The date referred to is the date of the issuance of the summons and not the date of its service, and as the summons must issue upon the filing of the complaint, the date of the summons is the date of filing the complaint. As the return day to be designated in the summons must not be more than twelve days from the date of the summons, it follows as night the day that the utmost period of time within which the summons may be served upon the defendant is twelve days from the date of filing the complaint. It is true the concluding sentence of § 818 provides:

"Upon the return of any summons issued under this chapter, when the same has not for any reason been served, or has not been served in time, the plaintiff may have a new summons issued the same as if no previous summons had been issued."

This, however, does not dispense with the necessity of issuing a summons upon the filing of the complaint, but merely provides for an alias summons if for any reason the original has not been served in time. It clearly contemplates the issuance and return of a former summons. From these provisions, it seems quite plain that an action of unlawful detainer is commenced not by the filing of a complaint alone, but by filing a complaint and the issuance of a summons of the kind designated in § 818.

Section 819 provides that, at the time of commencing an action of unlawful detainer or at any time afterward, the plaintiff may apply for a writ of restitution. This means that, before a writ of restitution may be issued, the plaintiff must have commenced an action of unlawful detainer to which the writ is incidental. It does not contemplate the right of a landlord to dispossess his tenant under a summary process at best severe and drastic in character, and reinstate himself in possession of the leased premises and then commence an action the very purpose of which is to obtain

possession of premises wrongfully withheld. On close examination of the question, it seems equally true that, before a writ of restitution prior to judgment may be executed, the defendant must be served with valid summons in the unlawful detainer action; for otherwise the rights given him under the statute cannot be enjoyed in their integrity. The defendant has the right to have served upon him a summons as provided in § 818, and to be informed of the matters required to be stated in it. He is also entitled to at least three days after a writ of restitution has been served upon him within which to execute a counter bond as prescribed by the statute and retain possession of the premises. Now if the writ may be executed before the service of summons in the main action, the defendant's unfortunate predicament is this: If he applies to the court for leave to execute a counter bond and retain possession of the premises, he thereby enters his appearance in the action and waives his right to insist upon the service of summons. If, upon the other hand, he stands upon his right to have summons served, he sins away his three days of grace and is ejected from the premises. Palpably we are not permitted to assume that the legislature, in defining the procedure in these cases, conferred upon the defendant two distinct and substantial rights, but in the same statute so contrived as to place it in the power of his adversary to compel him to forfeit one of them in order to enjoy the other.

Again, under the procedure adopted by plaintiff in this case, there was never a time when the court had jurisdiction of both the person and the subject-matter simultaneously. At the time the defendants were ousted from the land, no summons had been served upon them, and consequently they were not before the court in the unlawful detainer action. Subsequently, when they were served with summons, they were out of possession of the land and the plaintiff was in possession, and there was no adverse occupancy of the premises by the tenant upon which the action could operate, and hence no

jurisdiction of the subject-matter.   If plaintiff, without color of legal process, had forcibly ejected defendants from the premises and had taken possession of them in its own right, would it be seriously contended that it might thereafter, and while still in possession, maintain an action of unlawful detainer against the tenant and former occupant?   Yet this is precisely what the plaintiff is endeavoring to do in this case.

Counsel for respondent argues at length upon the cases construing §§ 220 and 238, Rem. Code, but these sections do not relate to actions for unlawful detainer.   These actions are governed by the special procedure defined in the provisions of the code to which we have already referred.   *Smith v. Seattle Camp No. 69, W. O. W., supra;* 24 Cyc. 1433.

Our conclusion is that the lower court was without jurisdiction to entertain the action, and the judgment appealed from is reversed and the cause remanded with direction to dismiss.   The parties will be left to enforce such rights, if any, as they possess in some appropriate method, upon which we neither express nor intimate an opinion.

All concur.