[Nos. 14633, 13502.   Department Two.   February 27, 1918.]

THE STATE OF WASHINGTON, *on the Relation of R. E.
Huston, Plaintiff,* v. BIG BEND LAND COMPANY,
*Respondent.*

BIG BEND LAND COMPANY, *Respondent,* v. R. E. HUSTON
*et al., Appellants.*[1]

APPEAL AND ERROR — DECISION—REMITTITUR—RESTITUTION—FORC-
IBLE ENTRY AND DETAINER.   Where, upon appeal, in an action of
forcible entry and detainer, the lower court is found without juris-
diction, and the action ordered dismissed for that reason, the lower
court has no power after remittitur to enter an order of restitution,
requiring the plaintiff to restore possession which he had unlaw-
fully taken under the writ.

APPEAL — REMAND — RECALLING REMITTITURS — JURISDICTION —
WAIVER.   Upon special appearance attacking jurisdiction in forcible
entry and detainer, a remittitur on appeal directing a dismissal for
want of jurisdiction will not be recalled to change the decision to
one on the merits, on the ground that defendant's objection to the
jurisdiction was waived, after the decision on appeal, by a motion
for restitution.

Application filed in the supreme court January 15,
1918, for a writ of mandamus to compel the superior
court for Lincoln county, Sessions, J., to make and en-
ter a judgment and order requested by relators; and
motion filed in the supreme court December 13, 1917, to
recall the remittitur, in an action of unlawful detainer.
Denied.

*John G. Barnes,* for relators.

*Merritt, Lantry & Merritt,* for respondent.

CHADWICK, J.—This proceeding arises out of the case
of the *Big Bend Land Co. v. Huston,* 98 Wash. 640, 168
Pac. 470.   When the remittitur went down, counsel for
defendants Huston moved the court:

". . . for judgment dismissing said action and pro-
ceeding, for the costs and disbursements of relators

[1]Reported in 171 Pac. 259.

herein, and for an order directing the issuance by the clerk of said court, under the seal thereof, of a writ of restitution directed to the sheriff of Lincoln county, commanding him to restore to relators the possession of the lands and premises hereinbefore described, the possession of which was taken from them by The Big Bend Land Company on the 10th day of March, 1915, by means of the writ of restitution issued and executed as hereinbefore [in the original proceeding] set forth.''

The trial judge refused to make the order of restitution. He justifies under our opinion in the main case:

''Our conclusion is that the lower court was without jurisdiction to entertain the action, and the judgment appealed from is reversed and the cause remanded with direction to dismiss. The parties will be left to enforce such right, if any, as they possess in some appropriate method, upon which we neither express nor intimate an opinion.'' *Big Bend Land Co. v. Huston, supra.*

It is the contention of the relator that he is entitled to be restored to the possession of the premises from which he was ousted by the Big Bend Land Company under Rem. Code, § 1742:

''If by a decision of the supreme court the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of the judgment or order appealed from, either the supreme court or the court below may direct an execution or writ of restitution to issue for the purpose of restoring to the appellant his property, or the value thereof. But property acquired by a purchaser in good faith, under a judgment subsequently reversed, shall not be affected by such reversal.''

When the main case was before this court, the form of the judgment to be entered by the superior court was carefully considered by the judges, and it was decided that we could not direct any judgment other than one of dismissal, leaving the parties to such rights as they might have under the general rules of law.

The defendants in that case, the relators here, attacked the jurisdiction of the court under a special appearance which they maintained throughout. We held that the court had never acquired jurisdiction to determine the merit of the case.

If the court did not acquire jurisdiction to determine the merit of the case, it would seem that it would have no jurisdiction to enter a judgment which, from the nature of things, must rest in the merits. The most that relators could demand, even under the most favorable view of the law, would be an order vacating the order of restitution under which they were ousted (*Mail Co. v. Flanders*, 79 U. S. 130); but that would not restore them to the possession of the land. To accomplish that end would require an affirmative order based upon a right of possession, which relators have successfully challenged the jurisdiction of the court to try out.

"And if the court has not acquired jurisdiction of the person of the defendant, that is, if no sufficient process has been served upon him, there can be no judgment, even of abatement rendered against the plaintiff; for the defendant must become a party before the court before he can have a judgment." *King v. Poole,* 36 Barb. 242.

See, also, Black, Judgments (2d ed.), § 220.

The situation of the relators, in so far as present rights of action and remedies are concerned, is the same as if the Big Bend Land Company had, without beginning suit at all, gone upon the land in controversy and forcibly removed the relators therefrom. The relators have been denied no remedy. They may bring an action for any relief to which they may conceive themselves entitled.

The writ is denied.

On the day that the application for the writ of mandamus was argued, there came on to be heard also the motion of the plaintiff, The Big Bend Land Company, for a recall of the remittitur, to the end that we should now declare that the defendants have waived their objections to the jurisdiction of the court and decide the merit of the case.

As stated in the fore part of this opinion, defendants moved for an order of restitution upon the going down of the remittitur. It is contended that this is an appearance seeking affirmative relief, and although made after judgment, is a cure of all jurisdictional defects.

Many cases are cited as sustaining counsel's contention, but we have persistently refused to recall remittiturs for the purpose of reviewing the records of trial courts. The remedy by appeal or writ of review is ample and more orderly. These remedies are designated by statute for the correction of errors in the court below. No statute has ever been enacted to protect against the errors of this court; but in order that mistakes made in entering final judgments may not go uncorrected, we have, in the exercise of what we have conceived to be our inherent power to cure our own mistakes, recalled remittiturs for the purpose of advising a proper judgment. *Titlow v. Cascade Oatmeal Co.*, 16 Wash. 676, 48 Pac. 406; *State ex rel. Burke v. Board of County Com'rs*, 61 Wash. 684, 112 Pac. 929.

It is not made to appear that any mistake has been made in the entry of judgment, but, on the contrary, it appears that the court is proceeding to follow our judgment to the letter.

No legal ground is shown for the recall of the remittitur, and the motion is denied.

ELLIS, C. J., HOLCOMB, and MOUNT, JJ., concur.