**HUSTON et ux. v. BIG BEND LAND CO. et al.**

(Circuit Court of Appeals, Ninth Circuit. September 2, 1924.)

No. 4108.

1. **Courts** ⟨=⟩366(1)—**Federal courts will follow decisions of state courts defining jurisdiction of state court.**

Federal courts will follow decisions of highest court of state, defining how jurisdiction of a state court is obtained under a special statutory proceeding, including unlawful detainer proceeding.

2. **Forcible entry and detainer** ⟨=⟩20—**Bond given when writ of restitution was issued held obligatory, though there was no summons.**

A bond given when writ of restitution was issued in unlawful detainer suit was obligatory, though writ was invalid, because no valid summons was issued, and there was a breach of the bond by the mere fact that summons was not served; plaintiff being required by bond to prosecute action without delay, under Rem. Code Wash. 1915, § 817.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Action at law by R. E. Huston and wife against the Big Bend Land Company and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

John G. Barnes, of Seattle, Wash., and M. E. Mack, of Spokane, Wash., for plaintiffs in error.

Graves, Kizer & Graves, of Spokane, Wash., for defendants in error.

Before GILBERT, HUNT, and MORROW, Circuit Judges.

HUNT, Circuit Judge. This is an action by Huston and wife to recover from the Big Bend Land Company and the sureties upon a bond for damages alleged to have been consequent upon the issuance and execution of a writ of restitution in an unlawful detainer case instituted in a state court in Washington by the Big Bend Land Company, a corporation, against the Hustons.

The writ of restitution was issued under section 819 of Remington's Compiled Statutes of Washington, which provides that plaintiff, at the time of commencing an action of unlawful detainer, may apply to the judge of the court for a writ of restitution, and the judge shall issue a writ, but before the issuance thereof plaintiff shall execute to the defendant and file in court a bond in such sum as the judge may order, with two or more sureties, conditioned that plaintiff shall prosecute his action without delay and will pay all costs and damages which defendant may sustain by reason of the writ of restitution having been issued, should the same be wrongfully sued out. Bond was given and approved, and the sheriff ousted the Hustons, and put the Land Company in possession. After eviction and trial the state court entered judgment in favor of the Land Company and against the Hustons. Upon appeal by the Hustons the Supreme Court of the state reversed the judgment, upon the ground that, the proceeding being special and summary, and the statute conferring jurisdiction not having been pursued, in that the summons issued when the complaint was filed was wholly void, the action was not commenced, and therefore, no writ of restitution could lawfully issue, and the trial court never acquired jurisdiction to determine the merits of the case. Remand was ordered, with directions to dismiss. Big Bend Land Co. v. Huston, 98 Wash. 640, 168 Pac. 470. Thereafter the

superior court dismissed the action, but denied a petition for an order of restitution of the premises.

Subsequently, in a mandamus proceeding instituted in the state Supreme Court on relation of the Hustons, to compel the superior court to enter an order (Big Bend Land Co. v. Huston, 100 Wash. 425, 171 Pac. 259) directing restitution of the premises, the Supreme Court denied the writ, reiterating the view it had theretofore expressed, and holding that, the Hustons having successfully challenged the jurisdiction of the superior court to try out the question of the right of possession, their situation in the proceedings was as if the Land Company had, without beginning suit, gone upon the land and forcibly removed the Hustons therefrom. The court added that the Hustons had been denied no remedy, and might bring an action for any relief to which they believed they were entitled. State ex rel. Huston v. Big Bend Land Co., 100 Wash. 425, 171 Pac. 259. The present action on the bond was afterwards brought in the federal court, and upon demurrer of the defendants judgment was entered in favor of the defendants, and writ of error was taken.

[1] There is no reason for excepting the case from the usual rule that the federal courts will follow the decisions of the highest court of a state, defining how jurisdiction of the state court is obtained under a special statutory proceeding. Amy v. Watertown, 130 U. S. 301, 9 Sup. Ct. 537, 32 L. Ed. 953. We therefore consider it as determined that the state court did not acquire authority to issue the writ of possession or to decide the unlawful detainer proceedings. Therefore the question which arises in this court is whether, notwithstanding such lack of power, recovery can be had on the bond which was given in that suit. The matter is simplified by keeping in mind steps that were lawful and those that were unlawful in the unlawful detainer litigation.

[2] It is clear that the complaint was properly filed in the state court, which had power in unlawful detainer actions—that is to say, the initial step was properly taken. It was in the next step that plaintiff failed, for, so it has been decided, no valid summons was issued at the time of filing the complaint (section 817, Rem. Code Wash.), and, a valid summons being an indispensable matter, the court could not lawfully proceed. The Hustons never submitted to the jurisdiction. Nevertheless the matter was proceeded with, and the bond sued upon was given, and writ of restitution was issued, and by promptly insisting that the writ was invalid, because issued without summons, and that the ouster proceeding was wholly void, the Hustons obtained a dismissal. But we do not believe that it necessarily follows that the bond is not obligatory. It was voluntarily entered into by the Land Company and the sureties as an indemnity to the Hustons after the initial step in the unlawful detainer action was properly taken. The purpose of the bond was to enable the Land Company to obtain possession and to secure the Hustons in their right to possession if any such they had. The writ issued in consequence of the giving of the bond conditioned that the Land Company would prosecute the unlawful detainer action without delay and would pay all costs and damages which the Hustons might sustain by reason of the writ having been issued, should the same be wrongfully sued out. Inasmuch as the terms of the bond required the Land Company to prosecute its action without delay, and prosecution necessarily required the Land Company promptly to summon the Hustons, the Land Company, by failing to summon them and by taking possession without summoning them, committed a breach which entitled the obligees to the protection of the bond. State ex rel. v. Prather, 19 Wash. 336, 53 Pac. 344, 67 Am. St. Rep. 729.

The suggestion of the obligors that it was the sheriff's wrongful act, not the giving of the bond, that enabled the Land Company to get possession, does not meet the question. As a statement of the last physical act of the things done, that is correct; but, even so, by failing to summon the Hustons, and by having taken possession under proceedings instituted by it, the Land Company availed itself of a writ that was wrongfully sued out. Cases where jurisdiction is the whole consideration for the bond sued on, or where there was absolutely no consideration for the bond, or where there can be no action because of an inherent nullity in the alleged obligation, are to be distinguished from those where there is jurisdiction of the subject-matter, but where jurisdiction over the persons sued has never been acquired, and therefore the proceeding has no validity. Caffrey v. Dudgeon, 38 Ind. 513, 10 Am. Rep. 126, cited by defendant in error illustrates one of such distinctions.

There a writ of replevin was issued by a justice of the peace, who had no jurisdic-

tion at all of an action of replevin, and for that reason the bond given was held to be illegal and void. Another such case is Robinson v. Bonjour, 16 Colo. App. 458, 66 Pac. 451. In Davis v. Huth, 43 Wash. 383, 86 Pac. 654, an instance where jurisdiction was the whole consideration for the bond, it was held that the sureties could not be held. In Bank v. Mixter, 124 U. S. 721, 8 Sup. Ct. 718, 31 L. Ed. 567, the levy of an attachment, such as was made and for which bond was given, was expressly prohibited by law.

On the other hand, as exemplifying the view that though there is lack of jurisdiction to proceed, yet the court goes to the extent of taking bond and issuing writ of restitution, is the case of Seaboard Air Line v. Hewlett et al., 94 S. C. 478, 78 S. E. 329. Hewlett sued in claim and delivery, and gave bond conditioned, among other things, for the prosecution of his action. The chattels were taken from the railway company and delivered to Hewlett. For defective summons the action was subsequently dismissed on motion of the railway company, upon the ground of lack of jurisdiction in the magistrate. There was no order for return of the property. The company then brought a suit upon the bond, and it was held that the dismissal of the claim and delivery action, though had on motion of the defendant in the claim and delivery action, was a breach of the condition of the bond for the prosecution of the action. The court said: "The bond is required upon the supposition that the plaintiff might have no case, or, having one, might fail to prove it. Or, suppose the plaintiff brings his action in a court which has no jurisdiction, gives bond, and takes possession of defendant's property, must defendant submit to the trial of the case in a court whose judgment would be a nullity and could not be pleaded in bar of another action at the peril of being told, if he moves to dismiss the action for want of jurisdiction, that, because he has done so, he has no right of action on the bond? Such a holding would enable a plaintiff to take advantage of his own wrong, and get possession of defendant's property without giving him that protection which the law requires." See, also, Hine v. Morse, 218 U. S. 493, 511, 31 Sup. Ct. 37, 54 L. Ed. 1123, 21 Ann. Cas. 782; Boom v. St. Paul Foundry Co., 33 Minn. 253, 22 N. W. 538; Roman v. Stratton, 2 Bibb (5 Ky.) 199; Berghoff v. Heckwolf et al., 26 Mo. 511; McDermott v. Isbell et al., 4 Cal. 113; Flagg v. Tyler,

3 Mass. 303; Smith v. Whiting et al., 100 Mass. 122; Pierce v. King, 14 R. I. 611; Biddinger v. Pratt, 50 Ohio St. 719, 35 N. E. 795.

We are of opinion that the plaintiffs stated a cause of action against defendants, and that it was error to sustain the demurrer and direct the dismissal of the complaint.

Judgment is reversed, and the cause is remanded, with directions to overrule the demurrer and to require an answer.