### Ira Eaton v. Austin J. Peck.

*Computation of time.* Notice of an application for an order that a commission issue to take the deposition of a witness out of the state, served on July 29th, of an application to be made on August 8th, is sufficient under the statute (*Comp. L., 1857,* § 4245) requiring the notice to be served "at least ten days before the making of such application."—*Arnold v. Nye, 23 Mich., 286.*

26 MICH.—8.

*Depositions: Commission: Identity of persons: Return.* A commission to take a deposition, directed to "Messrs. Swan & Moore, attorneys at law, of Ottawa," etc., was returned with a certificate of execution, signed " J. J. Moore, C. J. Swan, Commissioners :"—

    *Held,* That an objection to the reading of the deposition in evidence, on this ground, raises only a question of identity of persons, and is untenable where the return establishes such identity.

*Submitted on briefs and decided October 24.*

Error to Jackson Circuit.

A deposition of one Frank P. Davis of Putnam county, Ohio, was taken under a commission directed to "Messrs. Swan & Moore, attorneys at law, of Ottawa, county of Putnam, in the state of Ohio." The order under which this commission issued, was granted on August 8th, 1871, and the notice of the application therefor was served on July 29th, 1871.

The following certificate was endorsed on the back of said commission: "The execution of the commission appears in certain schedules hereunto annexed;" which was signed "J. J. Moore, C. J. Swan, Commissioners." The caption to the deposition was: "Deposition of Frank P. Davis, of the county of Putnam, in the state of Ohio, aged thirty-five years, a witness produced, sworn and examined, on the 17th day of August, 1871, at the office of Swan & Moore, in the village of Ottawa, county of Putnam, state of Ohio, by virtue of a commission issued out of the circuit court for the county of Jackson, in the state of Michigan, on the 8th day of August, 1871, and directed to us, or either of us, commissioners, for the examination of Frank P. Davis, a witness in a certain cause depending and at issue in said court, between Austin J. Peck, plaintiff, and Ira Eaton, defendant, on the part of said plaintiff." At the bottom of the page on which this deposition is written, there appears the signature, "Swan & Moore."

The following certificate was appended to the deposition:

EATON v. PECK.

"STATE OF OHIO, COUNTY OF PUTNAM, SS.

"On this 17th day of August, A. D. 1871, then Frank P. Davis, in said county and state, personally appeared before us, and after having taken the oath prescribed in the instructions annexed to the commission mentioned in the caption to the above deposition, which oath was administered by C. J. Swan, one of said commissioners, and taken by said witness with uplifted hand, declared that the foregoing deposition by him subscribed, contains the truth, the whole truth, and nothing but the truth, said witness residing without the state of Michigan.    The deposition was reduced to writing by J. J. Moore, one of the commissioners.    The paper writing hereto attached and marked exhibit A, was produced and proved before us by the witness Frank P. Davis, as by reference to his examination may appear;" and was signed "C. J. Swan, J. J. Moore, Commissioners."

Objections were made to the reading of this deposition, on the grounds: *First,* That the notice was insufficient because ten full days did not intervene between the service and the application; and *second,* That the commission was not properly executed, because it was directed to a firm by the firm name only, and not by the names of the individual members of the firm; also, because the Christian names of the persons to whom the commission was directed, were not given; also, because it did not appear that the C. J. Swan and the J. J. Moore, by whom the commission was executed, were the same Swan & Moore to whom the commission was directed.    These objections were overruled, and exceptions taken.    This ruling is assigned as error.

*Conely & Sharp,* for plaintiff in error.

*John R. Parsons,* for defendant in error.

PER CURIAM.

We find no error in this record.    The first objection

taken, is disposed of by the case of *Arnold v. Nye, 23 Mich., 286;* and the second to our comprehension, raises only a question of identity of the persons to whom the commission was issued and those who executed it, which, we think, is settled by the return.

Judgment affirmed, with costs.