# City Council of Montgomery *v*. Adams.

## *Trover for Conversion of Hogs.*

*Computation of time under statute or municipal ordinance.* — Under a municipal ordinance providing for the sale of hogs found running at large, and requiring that notice of the time and place of sale shall be given "for *six* successive days," a sale on the 28th day of the month, under a notice first given on the 22d, is unauthorized and premature.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Ben Adams against the city council of Montgomery, to recover damages for the conversion of several hogs, which, having been found running at large within the corporate limits of the city, were taken up by the city marshal, and sold at public auction. The ordinance of the city, under which the marshal acted, is as follows : "The marshal shall take up and confine hogs running at large, and forthwith advertise them, at the post-office and at the market-house, for six successive days; describing the marks and appearance of the hogs, and mentioning the time and place of sale; and if no person shall claim the hogs, the marshal shall sell them, in suitable lots, to the highest bidder for cash, and account to the city council for the money." City Code, § 27. The marshal posted up notices of the sale, at the proper places, on the 22d day of June; and the sale was made, pursuant to the notice,

on the 28th day of June. The court charged the jury, in substance, that the sale was premature and unauthorized, and that the plaintiff was entitled to recover ; and this charge, to which the defendant excepted, is now assigned as error.

ELMORE & GUNTER, for the appellant.

JUDGE & HOLTZCLAW, *contra.*

B. F. SAFFOLD, J. — It is to be presumed that, in the passage of the ordinance under which the sale was made, so far as it requires notice of the time and place of sale to be given " for six successive days," reference was had to section 14 of the Revised Code, which is as follows : " The time within which any act is provided by law to be done, must be computed by excluding the first day, and including the last ; and if the last day is Sunday, it must be also excluded." A day, in law, when it is not otherwise especially defined, is the space of time which elapses between two successive midnights. 2 Bla. Com. 141. Fractions of a day are generally rejected, in order to avoid disputes ; and there is good reason in this for excluding the first day. In this case, the 22d day of June being omitted from the count, the six days' notice had not been completed when the sale took place, and it was therefore premature and unauthorized. The judgment is affirmed.