## THE CITY OF CHICAGO

### *v.*

## THE VULCAN IRON WORKS.

1. PUBLICATION OF NOTICE—*Sunday dies non juridicus.* Where the charter of a city in relation to the condemnation of land for a street requires that notice of the filing of the assessment roll in the city clerk's office shall be given by six

days' publication in a newspaper, and that a confirmation of such assessment will be applied for at the next regular meeting of the common council after the expiration of such publication, and that all objections shall be filed in writing in the office of the city clerk at least one day prior to the meeting of the city council, if the sixth day after publication falls on a Sunday, which is the day before the meeting of the council, at which meeting a confirmation is made, the condemnation proceedings will be invalid, and the owner's title to the land sought to be condemned will not be divested, as the Sunday preceding the confirmation is *dies non juridicus.*

2. CONVEYANCE—*of land in adverse possession.* Under our statute any one claiming title to land, although out of possession, and notwithstanding there may be an actual adverse possession, may sell and convey the same as though in the actual possession, and his deed will give the grantee the same right of recovery in ejectment as if the grantor had been in the actual possession when he conveyed.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

Mr. JOSEPH F. BONFIELD, for the appellant.

Mr. DAVID FALES, and Mr. JOHN P. WILSON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of ejectment, brought by the Vulcan Iron Works against the city of Chicago. In the declaration plaintiff claims title in fee simple in the premises described, and avers an eviction by the city. It is admitted the deeds and documents introduced in evidence by plaintiff show *prima facie* the fee simple title to the premises in him. The defence interposed was, the city had condemned the premises for a public street, and to establish that defence offered to give in evidence the assessment roll for opening or extending the street over the premises in question. The evidence tendered was rejected, and that decision is assigned for error.

One objection taken to the condemnation proceedings is fatal and justified the decision of the court. The law required

that notice of the filing of the assessment roll in the clerk's office shall be given by six days' publication in a newspaper, and that a confirmation of such assessment will be applied for at the next regular meeting of the common council after the expiration of such publication, and all objections shall be filed in writing in the office of the city clerk at least one day prior to the meeting of the city council.

The notice given was, in fact, published six days—the first publication being on Monday, the 12th day of October, 1868, and the next regular meeting of the city council took place on the next Monday thereafter, which was the 19th day of the month. The objection is, that Sunday being *dies non juridicus,* and the clerk's office not being open for filing papers, no opportunity was given to the owners to file objections. The same objection was taken to the condemnation proceedings, and it was held fatal, in *Burton* v. *The City of Chicago,* 53 Ill. 87. It was there declared, as the law required objections should be filed at least one day prior to the meeting of the council, it must be construed as intending that a day shall intervene the last publication and the action of the council. No secular day having intervened the last publication and the day appointed for application to the council for confirmation of the assessment, hence the opportunity the statute guaranteed the owner to file objections one day before action taken by the council was wanting. Under the authority of the case cited, the assessment proceedings were rightfully rejected, and, excluding such proceedings, there remained nothing that could prevail against plaintiff's *prima facie* title in an action of ejectment.

It is said the conveyances from plaintiff's grantors were made to him while the land was in the actual adverse possession of another, and consequently are void. The position taken is answered by the provisions of our Conveyance act, which enables any one claiming title to land, although out of possession, and notwithstanding there may be actual adverse possession, to sell and convey the same as though in the actual

possession, and gives the grantee the same right of recovery as if the grantor had been in the actual possession at the time of the conveyance.

The judgment must be affirmed.

*Judgment affirmed.*