THE KNOXVILLE CITY MILLS COMPANY *v*. LOVINGER.

Executions issued by a justice's court on July 30, upon judgments rendered July 26, were irregular but not void, and could not be attacked collaterally. Where a claim was interposed to levies made under such executions, it was error to dismiss the levies and exclude the executions from evidence, on motion of the claimant, because they were issued before the expiration of four days after the date of the judgment.

October 28, 1889.

Justices' courts. Appeal. Judgments. Executions. Practice. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1889.

Reported in the decision.

E. V. CARTER, for plaintiff.

R. J. JORDAN, by brief, for defendant.

SIMMONS, Justice.

It appears from the record in this case that the Knoxville City Mills Co. obtained four judgments in a justice's court against Daniel Lovinger. The judgments were rendered on July 26th, 1887, and executions thereon were issued July 30th, 1887. On January 26th, 1888, said executions were levied upon certain real estate as the property of the defendant. Julia Lovinger, the wife of the defendant, interposed a claim to the property, and the claim was returned to the superior court of Fulton county for trial. The case coming on for trial, the plaintiff offered the executions in evidence. The claimant objected to their reception and

moved to dismiss the levies, on the ground that the justice who rendered the judgments issued the executions before the expiration of four days after the date of the judgments. The court excluded the executions and dismissed the levies, and the plaintiff excepted.

Our code, §4172, says: " In all cases where no appeal lies or none is entered, a justice of the peace or commissioned notary public shall issue execution after the expiration of four days (Sundays excepted)." The judgments in this case were rendered July 26th, and the executions were issued on July 30th. Section 4 of the code provides that " where a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted." Applying this rule to the issuance of these executions, and counting only the first or last day, the 26th or 30th, it will be seen that they were issued before the expiration of four days after the judgments were rendered. Under the code, the defendant had four days after the judgments in which to enter an appeal in these cases, if he had so desired. If he had done so, the 30th of July would have been the last day on which he could have entered his appeal. If he could have entered an appeal on that day, then it was irregular at least for the justice to issue the executions on that day. We think, therefore, that the trial judge was right in holding that the executions were issued before the expiration of four days from the rendition of the judgments.

We think, however, that he erred in excluding the executions and dismissing the levies thereon. The fact that they were issued before the expiration of the four days does not make them void. It was only an irregularity, and the claimant could not take advantage of this irregularity in this collateral proceeding. Mr. Freeman in his work on Executions, §25, says that an

execution issued as these were "is erroneous, but like an erroneous judgment, it must be respected, and may be enforced, until it is vacated in some manner prescribed by law. No one but the defendant can complain of it, and even he cannot do so in any collateral proceeding. Under an act of Congress providing that 'until the expiration of ten days execution shall not issue,' certain executions were collaterally objected to on the ground that they were issued within ten days, but the court said : 'If irregular, the court from which they issued ought to have been moved to set them aside; they were not void, because the marshal could have justified under them, and if voidable, the proper means of destroying their efficacy have not been pursued. . . So in New York, against the objection that an execution had, contrary to the statute, issued within thirty days after the rendition of the judgment, the Court of Appeals held that 'until set aside, although issued without defendant's consent, the process was valid, and no one could take advantage of such irregularity but the *defendant* in the execution.'"          *Judgment reversed.*