HIRAM V. RIFENBURG v. THE CITY OF MUSKEGON.

*Condemnation proceedings—Notice.*

83  279
93  544

In this case a statute providing that the first publication of a notice of an application for the impaneling of a jury in condemnation proceedings should be made *at least* thirty days *before* the day of hearing is construed to require that thirty *full* days shall intervene between such publication and the day of hearing.

*Certiorari* to a justice of the peace of the city of Muskegon to review proceedings to condemn land for public use. Argued October 14, 1890. Proceedings quashed November 21, 1890. The facts are stated in the opinion.

*F. W. Cook*, for plaintiff in *certiorari*.

*DeLong & O'Hara*, for defendant in *certiorari*.

[The points and authorities of counsel are stated and cited in the opinion.—REPORTER.]

MORSE, J. Plaintiff is, and for many years has been, the owner in fee of lot 1, block 9, of the city of Muskegon, according to Newell's enlarged and corrected plat of that city. This lot is situated on the northwesterly corner of the block, and extends from Western avenue back to the center of the block, 125 feet. When the block was platted no provision was made for an alley running through the center either way. The plaintiff claims that for many years an alley has been opened through the block north and south. This claim is not admitted by the defendant.

Upon February 18, 1890, the common council of said city adopted a resolution declaring the running of an

alley in an easterly and westerly direction through said block 9 a necessary public improvement, and in such resolution decided that it was necessary to take, for such purpose, "the southerly 16 feet off the southerly end of lot 1 [block 9], owned by H. V. Rifenburg." Proceedings were thereupon taken to condemn the above-described land for such public use. The same was condemned, and the plaintiff awarded $1,600 as damages. He brings such proceedings by writ of *certiorari* to this Court for review. There are three questions raised by the plaintiff's brief affecting the validity of this condemnation:

*First,* he insists that the notice of the time and place of making the application for the impaneling of the jury was not published for a sufficient length of time under the charter, which provides that notice shall be given "by publishing the same for three weeks in one of the newspapers of said city (if personal service on all the parties interested cannot be had), the *first publication* of which shall be *at least thirty days before the time fixed for the application.*" The first publication of the notice in this case was on February 22, 1890, and the day of the application hearing was fixed on March 24, 1890, at 10 o'clock A. M. Excluding the day of the hearing of the application, and there would be but 29 days of the publication, also excluding the first day of the same.

It is claimed by the defendant that the point is covered by the case of *Arnold v. Nye,* 23 Mich. 286, 293. The question arose, in this case, upon a statute relating to service of notice upon the adverse party of the time and place of an application for an order to take the deposition of a witness. This decision was followed and approved in *Eaton v. Peck,* 26 Mich. 57. In both of these cases, although the statute provided that such notice should be served "*at least ten days before* the making of such application," it was held that the day of

the making of the application could be included in the 10 days. But in all cases in this State where the condemnation of land has been involved, it has uniformly been held that both the day upon which the notice is served and the day of the meeting are excluded. In proceedings for the establishment of highways there must be 10 full days between the day of notice and of meeting. *Platt v. Commissioner,* 38 Mich. 247; *Lane v. Commissioner,* 39 Id. 736; *Taylor v. Commissioner,* Id 739; *Powers' Appeal,* 29 Id. 504; *Coquard v. Boehmer,* 81 Id. 445; *Cox v. Commissioner,* 83 Id. 193. There should have been, in the case before us, 30 full days intervening between the first day of publication and the day of the application to impanel a jury. This lack of the requisite number of days renders the whole proceedings void for want of jurisdiction. It is not, therefore, necessary to notice the other objections.

The proceedings must be quashed, with costs to plaintiff.

The other Justices concurred.