### JOHN E. GOLDSWORTHY *vs.* JOHN COYLE.

The Judiciary Act. cap. 37, § 11, provides, in case of a levy of an execution on real estate, that the officer shall set up notification of such levy for the space of three months after such levy and before the same shall be exposed to sale.
Where it appeared by a sheriff's deed that the execution was levied on the real estate September 5, 1894, and the sale made December 5, 1894,
*Held*, that in computing the three months both the day of the levy and the day of the sale must be excluded. Pub. Stat. R. I. cap. 24, §§ 11, 12.
*Held*, further, that the deed was void.

DEFENDANT'S petition for a new trial.

*December* 27, 1895. STINESS, J. A verdict having been rendered for the plaintiff, in an action for trespass and ejectment, for the possession of certain land in Central Falls, bought by the plaintiff at a sheriff's sale under an execution against the defendant, the latter now petitions for a new trial upon the ground that the verdict is against the evidence.

It appears by the sheriff's deed that execution was levied upon the real estate September 5, 1894, and the sale made December 5, 1894. The Judiciary Act, cap. 37, § 11, provides in case of a levy of an execution upon real estate, that the officer

shall set up notification of such levy for the space of three months *after* such levy and *before* the same shall be exposed to sale. Pub. Stat. cap. 24, § 12, provides : " Whenever time is to be reckoned from any day, date or act done, or the time of any act done, such day, date, or the day when such act is done shall not be included in such computation." In this case time is to be reckoned both *after* the levy and *before* the sale, and the exclusion of either of these dates would be sufficient to avoid this sale. The purpose of the statute is to provide a notice of three full calendar months, between the levy and the sale. Pub. Stat. cap. 24, § 11, which declares that the words " month " and " year " shall be construed to mean a calendar month and year was put into the revision of the statutes of 1857, as an express rule of law after the decision of *Millard* v. *Willard*, 3 R. I. 42, where it had been adopted as a rule of judicial construction. See also 26 Am. & Eng. Encyc. of Law, pp. 3, 7, and note 1, p. 8.

Under this rule there was not a notification for the space of three months as required by statute and hence, as a statutory authority in cases of a sale *in invitum* must be strictly followed, the sale was void and the verdict should have been for the defendant.

Other objections to the deed are made, but, as this is decisive of the case, it is not necessary to consider them ; and as it appears that the defect in the plaintiff's title is such that he could in no event recover, the case is remitted to the Common Pleas Division, with instructions to enter judgment for the defendant for costs.

*John E. Goldsworthy, pro se ipso.*
*Edward W. Blodgett,* for defendant.