STATE EX REL. REAGAN, RESPONDENT, v. HARRINGTON, APPELLANT.

(No. 1,967.)

(Submitted October 20, 1904. Decided November 14, 1904.)

*Justice of the Peace—Service of Justice's Summons—Jurisdiction.*

1. Code of Civil Procedure, Section 1688, as amended by Session Laws 1899, page 138, providing for the appointment of a special constable where no constable is elected or appointed to act in certain cases, did not affect Section 1510, authorizing a non-official person to serve a justice's summons.
2. The service of a justice's summons without a copy of the complaint gives no jurisdiction of defendant.
3. The return on a justice's summons is presumed to show all that was done by the person making the service.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

WRIT OF REVIEW in the name of the state, on the relation of Maurice Reagan, against Timothy Harrington, justice of the peace. There was judgment for relator, and defendant appeals. Affirmed.

*Mr. Carl J. Smith,* for Appellant.

*Mr. Peter Breen,* and *Mr. J. J. Lynch,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On October 10, 1901, an action was commenced in the justice of the peace court of Silver Bow county by one O'Flynn against Maurice Reagan and Joe Long to recover the sum of $70.90 and costs. A summons was issued, and placed in the hands of one F. E. Pilling, a nonofficial person, for service, who made his return thereupon by affidavit as follows: "State of Montana, county of Silver Bow—ss. F. E. Pilling, being first duly sworn, deposes and says: That he is and at the several times herein mentioned, was a male citizen of the United States, and a resident of the county of Silver Bow, state of Montana, and above the age of twenty-one years, and not a party of the above entitled action, and that he received the summons in the above entitled action on the 10th day of October, 1901, and personally served the same on the 10th day of October, 1901, by delivering a true copy thereof to Maurice Reagan and Joe Long, the defendants above named, in the county of Silver Bow, state of Montana. F. E. Pilling"—duly verified. This summons notified the defendants to appear on October 17th, at 9 a. m. On this last-named day the defendant failed to appear at the time mentioned in the summons, and at the expiration of one hour thereafter their default was entered, plaintiff made proof, and a judgment in accordance with the prayer of the complaint was entered.

On April 20, 1903, the defendant Reagan instituted *certiorari* proceedings in the district court to have the action of the justice of the peace court reviewed. Upon the return of the justice of the peace the district court entered judgment annulling the judgment of the justice's court. From that judgment this appeal is prosecuted.

The appellant is placed in the position of being compelled to show, if possible, the error of the district court by showing that

there was not any lack or excess of jurisdiction in the justice of the peace court in the case of O'Flynn v. Reagan and Long. This he seeks to do by attempting to show that the service of the summons was legally made, for the only attack made upon the proceedings in the justice court was upon the service of the summons. Respondent complains of that service on the ground that it was made by a nonofficial person, and contends that the effect of Section 1688 of the Code of Civil Procedure, as amended by an Act of the Sixth Legislative Assembly, approved February 28, 1899 (Sess. Laws 1899, p. 138), is to limit or supersede the terms of Section 1510 of the Code of Civil Procedure, in so far as the same provides that a summons issued from a justice of the peace court may be served by any male resident over the age of twenty-one years not a party to the suit. But the act of February 28, 1899, above, is not susceptible of such a construction. Section 1510, above, does not authorize a nonofficial person to do more than serve a summons, while Section 1688, above, as amended by the act of February 28th, is intended to provide for a special constable in any township where a constable is not elected or appointed, and seeks to invest such special constable with authority to make arrests or serve writs of attachment or execution. There is in fact no relation whatever between the provisions of Section 1510, above, and Section 1688 as amended. They seek to accomplish wholly different purposes. So far, then, as the person making the service was concerned, no valid objection can be offered to the proceedings had in the justice's court.

Apparently no attack was made upon the manner of service, but every presumption will be indulged by this court that the judgment of the district court is correct, and the same will not be reversed unless prejudicial error is made to appear. Therefore, if that judgment can be sustained, it will be.

The return on the summons, quoted above, shows that service was made by delivering to the defendants Reagan and Long a copy of such summons. Is this a sufficient service to give the

justice of the peace court jurisdiction of the defendants?

Section 1510, above, provides that a summons from a justice of the peace court must be served and returned as provided in Title V, Part II, of the Code of Civil Procedure. That portion of the Code, among other things, provides for the manner of service of summons in the district court. Therefore a summons from a justice of the peace court must be served in the manner provided by law for the service of a summons from the district court.

Sections 635 and 636 of the Code of Civil Procedure provide for the manner of service of a summons from the district court. Section 635 provides that a copy of the complaint must be served with the summons, unless two or more defendants are residents of the same county, in which case a copy of the complaint need only be served upon one of such defendants.

Section 410 of the California Code of Civil Procedure is the same in terms as our Section 635, above, and Section 849 of the California Code of Civil Procedure is the same in effect as our Section 1510, above. Construing these sections, the Supreme Court of California, in *Southern P. R. R. Co.* v. *Superior Court,* 59 Cal. 471, held that it was absolutely necessary that a copy of the complaint be served with the summons in order to obtain jurisdiction of the defendant, in the absence of a voluntary appearance.

The method by which a resident defendant shall be notified that an action has been commenced against him to the end that jurisdiction of his person may be obtained, is a matter subject to the control of the legislature (19 Ency. P. and Pr. 614), and in *Sanford* v. *Edwards,* 19 Mont. 56, 47 Pac. 212, 61 Am. St Rep. 482, this court approved the doctrine that such statutory provisions are mandatory, and must be strictly pursued, and that a failure to observe the statutory requirements in any material particular will prevent the court issuing the summons from obtaining jurisdiction of the person of the defendant.

The return on the summons in O'Flynn v. Reagan and Long is presumed to show all that was done by the person making the

service, and that return shows that a copy of the complaint was not served. Upon the authority of *Sanford* v. *Edwards* and *Southern P. R. R. Co.* v. *Superior Court,* above, we hold that the justice of the peace court did not acquire jurisdiction of the persons of Reagan and Long, or of either of them, and in entering their default and rendering judgment against them the justice of the peace court exceeded its jurisdiction. As the defendants were never legally or at all before that court, they had no remedy by appeal, and the remedy by writ of review was available.

As the justice of the peace court had no jurisdiction to enter the judgment in O'Flynn v. Reagan and Long, the judgment of the district court in annulling and setting it aside was proper, and is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.

Rehearing denied December 16, 1904.