## CHEEK v. PRESTON.

[No. 5106.    Filed January 3, 1905.]

1. LANDLORD AND TENANT.—*Notice to Quit.*—*Action for Possession.*—*When Matures.*—Where an action was brought by the landlord against his tenant for possession, and it appeared by the complaint that notice to quit was served on such tenant on October 13, and the action begun on October 23, it affirmatively appears that the action was prematurely brought, since, by statute, a tenant has ten days in which to pay his rent and prevent a forfeiture, and such time is counted by excluding the day on which notice was served and including the last or tenth day.

2. ACTION.—*Premature Bringing.*—*Dismissal.*—Where it appeared upon the face of the complaint that the action was prematurely brought, such action may be dismissed by motion of defendant.

From Vigo Circuit Court; *James E. Piety,* Judge.

Action by Samuel Cheek against Morgan Preston. From a judgment for defendant dismissing the cause, plaintiff appeals. *Affirmed.*

*Albert J. Kelley,* for appellant.

*Peter M. Foley* and *Samuel D. Royse,* for appellee.

WILEY, J.—1. This cause originated before a justice of the peace, where the appellant brought an action for possession against the appellee. The complaint shows that appellant leased to appellee certain premises for a stipulated sum, to be paid monthly; and appellant bases his right of action upon the nonpayment of rent, and the service upon appellee of notice to quit within ten days, unless the rent due for the premises should be paid within that time. The complaint, as a part thereof, sets out the notice served upon appellee. The notice is as follows: "Notice to quit for nonpayment of rent. Terre Haute, Indiana, October 13, 1902.

"To Morgan Preston: You are hereby notified to deliver up to me at the expiration of ten days from the time of receiving this notice the possession of the following premises: [describing the leased premises] unless the rent due for said premises be paid within that time." This notice was served on the 13th day of October.

In the justice's court the case was tried by a jury, resulting in a verdict in favor of appellant. The appellee appealed to the court below, where he interposed a motion to dismiss the cause upon three grounds: (1) That the complaint did not state facts sufficient to constitute a cause of action; (2) because sufficient notice to quit had not been served upon appellee; and (3) because the action was prematurely brought. This motion the court sustained and dismissed the action. The motion and the ruling thereon are brought into the record by a bill of exceptions, and the sustaining of said motion is the only error assigned. Section 7092 Burns 1901, §5211 R. S. 1881, reads as follows:

"If a tenant refuses or neglects to pay rent when due, ten days' notice to quit shall determine the lease, when not otherwise provided therein or agreed to by the parties, unless such rent be paid at the expiration of said ten days." Section 7093 Burns 1901, §5212 R. S. 1881, prescribes the form of notice, and the complaint herein shows that the notice served upon appellee was in substantial compliance with the provisions of the statute. Section 1304 Burns 1901, §1280 R. S. 1881, is as follows: "The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last." Section 7092, *supra,* requires a ten days' notice to a tenant to terminate his lease for nonpayment of rent, and gives him the full ten days in which to pay the same. In the case of *Adams* v. *Dale* (1868), 29 Ind. 273, it is held that, if an act is to be performed on or before a given day, the party who is required to perform the act has all of such day for performance. It also has been held that when an act is to be performed by a given day, performance may be made before such day, or any time during the day. *Parker* v. *McAllister* (1859), 14 Ind. 12; *Walters* v. *Stockberger* (1898), 20 Ind. App. 277. A legal day commences at 12 o'clock at night and continues until the same hour the following night. *Benson* v. *Adams* (1879), 69 Ind. 353. In the case of *Newby* v. *Rogers* (1872), 40 Ind. 9, it is held that where a party has from a certain day to a certain other day to perform the act, both such days are excluded. In the case of *Erb* v. *Moak* (1881), 78 Ind. 569, and also in the case of *Eshelman* v. *Snyder* (1882), 82 Ind. 498, it was held that where a party had until a day named in which to perform an act, such day is excluded. Taking the plain provision of §1304, *supra,* and the cases to which we have referred, it is clear that the appellee had all of the legal day of October 23 in which to pay his rent, so as to avoid a forfeiture of his lease. As the suit for possession was com-

menced on that day, it necessarily follows that it was prematurely commenced.

2.   That fact appearing upon the face of the complaint, the motion to dismiss was properly sustained.

Judgment affirmed.