[No. 2431]

# THE STATE OF NEVADA, Ex Rel. KIRK MARTIN, RESPONDENT, *v.* JUSTICE COURT OF ELKO TOWNSHIP, AND J. C. DOUGHTY, AS JUSTICE OF SAID COURT, APPELLANTS.

[190 Pac. 977]

1. JUSTICES OF THE PEACE—STATUTE HELD TO REQUIRE JUSTICE TO MAKE CERTIFICATE FOR SERVICE OF SUMMONS BY PUBLICATION.

    In view of Civil Practice Act, sec. 80, as amended by Stats. 1913, p. 109, and section 790, as amended by Stats. 1913, p. 360, relating to the service of summons, a justice of the peace is under duty of making the certificate required for a proper service of summons by publication in justice court cases.

2. JUSTICES OF THE PEACE—WHERE COPY OF COMPLAINT NOT CERTIFIED, JUSTICE ACQUIRES NO JURISDICTION.

    Where plaintiff's attorney, in a suit brought before a justice of the peace, has failed to certify the copy of the complaint accompanying the summons, or cause it to be certified by the justice, the justice court is without jurisdiction to enter judgment against such party.

3. JUSTICES OF THE PEACE—STATUTES PRESCRIBING MODE OF SERVICE TO BE STRICTLY PURSUED.

    Statutory provisions, prescribing the manner by which a resident defendant shall be notified that an action has been commenced against him in the justice court, to the end that jurisdiction of his person may be obtained, are mandatory, and must be strictly pursued, and failure to observe them in any material manner will prevent the court issuing summons from obtaining jurisdiction of the defendant's person.

4. JUSTICES OF THE PEACE—GENERAL APPEARANCE BY DEMURRER AFTER DEFAULT NOT WAIVER OF DEFECTS IN SERVICE.

    While a general appearance by demurrer prevents the party appearing from subsequently complaining of want of proper service of summons, where a demurrer was presented and filed after the time to answer in a justice court had expired, and after default and judgment had been duly entered, such appearance did not constitute a waiver of objection to the sufficiency of the service, since the subsequent filing of the demurrer could not operate retrospectively to give life to a void judgment.

5. JUDGMENT—STATUTE AUTHORIZING RELIEF FROM DEFAULT FOR MISTAKE, ETC., HELD INAPPLICABLE TO JUDGMENT VOID FOR LACK OF JURISDICTION.

    Rev. Laws, 5742, empowering the court to relieve a party from a judgment by default because of mistake, inadvertence, surprise, or excusable negligence, *held* not to apply to a judgment wholly void for lack of jurisdiction of the person of the defendant.

6. JUDGMENT—RIGHT TO RELIEF FROM VOID DEFAULT JUDGMENT IS
   ABSOLUTE.
   A party's right to relief from a judgment wholly void
   because of lack of jurisdiction of his person is absolute, and
   not dependent upon a showing of meritorious defense, under
   Rev. Laws, 5742. .

7. JUSTICES OF THE PEACE — THAT JUDGMENT, SOUGHT TO BE
   ANNULLED, HAS BEEN SATISFIED, NO BAR.
   That a void default judgment, taken in the justice court,
   has been satisfied and discharged, does not prevent pro-
   ceedings by certiorari to annul it.

APPEAL from Fourth Judicial District Court, Elko
County; *E. J. L. Taber,* Judge.

Action by H. Sutton against Kirk E. Martin before a
justice of the peace. A judgment against defendant by
default was entered, and defendant brought certiorari.
From an order overruling the demurrer of the justice
to a petition for a writ of review, and from a judgment
entered thereon, reversing the judgment of the justice,
the Justice Court and its justice, J. C. Doughty, appeal.
**Affirmed.**

*Milton B. Badt,* for Appellants:

Petitioner's general appearance in the justice court
was a waiver of objection to the sufficiency of the ser-
vice. He does not dispute the plaintiff's claim or aver
that he had a meritorious defense thereto.

The copy of the complaint annexed to the summons
served upon petitioner was in effect sufficiently certified
by plaintiff's attorney to satisfy the requirements of
the statute, even if applicable to the justice court. Hig-
ley v. Pollock, 21 Nev. 198. The provision for service of
certified copy of complaint is not applicable to justice
courts. It has reference to the service of a summons in
cases in the district courts. Rev. Laws, 5023. "It seems
inconceivable that the defendant could have been misled
or injured by the variance of the summons from the
form of words prescribed by the code." Clark v. Gunn,
27 Pac. 375. "We think that the summons in effect com-
plied with the requirements of the statute." Behlow v.
Shorb, 27 Pac. 546. "The error or defect claimed to

exist in the summons is more technical than real. I am unable to discover that any substantial right of defendants could be affected thereby, or that the judgment should be reversed on account thereof." King v. Blood, 41 Cal. 316. "There can be no doubt that the summons was irregular. * * * However, as neither of these irregularities affects the substantial rights of the appellants, the judgment of the county court must be affirmed." Warren v. Gordon, 10 Wis. 500; Bewick v. Muir, 23 Pac. 389.

The petitioner has another plain, speedy, and adequate remedy. Certiorari will not lie where there is in the judgment of the court any other plain, speedy, and adequate remedy. State ex rel. Murphy v. White Pine County, 101 Pac. 104. "Also, if there is any irregularity in the process or the manner of its service, the defendant must take advantage of such irregularity by some motion or proceeding in the court where the action is pending." Stanley v. Sachofsky, 93 Pac. 345.

Equity will not afford relief from an erroneous judgment if the petitioner can obtain relief from the court that rendered such judgment; and if a judgment is void upon its face, so that no affirmative action need be taken to protect a person against one asserting a right thereunder, equity will not intervene to set aside such judgment. Connery v. Swift, 9 Nev. 39.

Certiorari will not lie when judgment to be reviewed is already satisfied and discharged. State ex rel. Reynolds v. Laurendeau, 71 Pac. 754.

*C. A. Eddy*, for Respondent:

A summons out of a justice court must be served with a copy of the complaint, certified by the justice or the plaintiff's attorney. Rev. Laws, 5023, 5815. Courts of justices of the peace being courts of limited jurisdiction, facts essential to establish jurisdiction must be affirmatively shown and appear. McDonald v. Prescott, 2 Nev. 111; Wong Kee v. Lillis, 37 Nev. 5.

Where the return of summons in an action does not

show that a copy of the complaint, certified by the justice of the peace before whom the cause is pending, or by the plaintiff, his agent, or attorney, was served on defendant, the service is insufficient to warrant a judgment by default against defendant, and a judgment so rendered will be set aside. Belfils v. Flint, 14 Pac. 295; Marooney v. McKay, 2 Or. 372.

It is no objection to the issuance of a writ of certiorari that it was sued out after the expiration of the time allowed for taking an appeal, that an appeal was taken and dismissed, or that the judgment has been paid." Satisfaction of judgment does not prohibit certiorari. 16 R. C. L. 408; 24 Cyc. 767; Clark v. Ostrander, 13 Am. Dec. 546.

By the Court, DUCKER, J.:

This is an appeal from an order of the Fourth judicial district court, overruling the appellants' demurrer to a petition for a writ of review, and from the judgment entered thereon, reversing and annulling the judgment of the justice of the peace in an action entitled H. Sutton, plaintiff, v. Kirk E. Martin, defendant.

The portion of the record containing the return made by the justice of the peace to the writ of certiorari issued by the district court shows that the action was instituted in the justice court of Elko township, Elko County, Nevada, and that summons was personally served on the defendant in White Pine County, Nevada, April 5, 1919. On April 26, 1919, a default was taken, and judgment entered against the defendant and in favor of the plaintiff. Thereafter on the same day a demurrer was received through the mail by the justice and filed. An execution was issued on the 26th day of April, 1919, and the return of the justice, as it was subsequently completed pursuant to a stipulation entered into by counsel for the parties, shows that the execution was duly levied and the judgment satisfied except as to a small portion thereof. The unsatisfied portion was waived by the judgment creditor, as appears by the

return to the execution. It appears from the record that the copy of the complaint served with the summons was not certified by the justice of the peace or the plaintiff's attorney. For this defect the district court held that the justice court was without jurisdiction to enter a default judgment, and annulled the same in the certiorari proceedings.

The sections of the Civil Practice Act, so far as they are applicable to the question, read as follows:

"The summons may be served by a sheriff or constable of any of the counties of this state, or by any other person of the age of twenty-one years or over, not a party to the action, and said summons must be served and returned, as provided in chapter 8 of this act, or it may be served by publication. * * * " Section 790, Civil Practice Act, as amended, Stats. 1913, p. 360.

"The summons shall be served by the sheriff of the county where the defendant is found, or by his deputy, or by any citizen of the United States over twenty-one years of age; and, except as hereinafter provided, a copy of the complaint, certified by the clerk or the plaintiff's attorney, shall be served with the summons. * * * " Section 80, Civil Practice Act, as amended, Stats. 1913, p. 109.

1. The exception mentioned in the last section clearly refers to service by publication. In all other cases the copy of the complaint served with the summons must be certified by one of the persons designated in the statute. This is the plain import of these sections of the Civil Practice Act. The law does not provide for a clerk in the justice court, but as the justice, in addition to his judicial duties, is required to perform all duties of a clerical nature, it seems quite obvious that the legislature intended that this officer could make the certificate required for a proper service of summons in justice court cases. Marooney v. McKay, 3 Or. 373.

2. Did the failure of respondent's attorney to certify the copy of the complaint accompanying the summons in this case, or cause it to be certified by the justice of

the peace, deprive the justice court of jurisdiction to enter the judgment against respondent? We are of the opinion that it did. This requirement is one of substance, designed to assure the defendant of the authenticity of the copy of the complaint served, which informs him of the nature of the accusation and the judgment demanded. It can no more be dispensed with than other statutory requirements essential to a proper service of summons.

3. Statutory provisions prescribing the method by which a resident defendant shall be notified that an action has been commenced against him in a justice court, to the end that jurisdiction of his person may be obtained, are mandatory, and must be strictly pursued, and failure to observe them in any material manner will prevent the court issuing summons from obtaining jurisdiction of the person of the defendant. Regean v. Harrington, 31 Mont. 294, 78 Pac. 484, 485. See, also, McMillan et al. v. Reynolds, 11 Cal. 372.

4. Appellants contend that the defendant's general appearance, made by filing a demurrer in the cause, was a waiver of any objection to sufficiency of the service. That a party who appears generally by demurrer cannot subsequently complain of want of proper service of summons upon him is a uniformly recognized rule, but applicable only where such general appearance is made prior to the judgment or other proceedings, questioned on account of such defective service.

In this case the demurrer was presented and filed after the time to answer had expired, and after default and judgment had been duly entered. The judgment was rendered without any previous valid service of summons upon the defendant, and for this reason was not merely voidable, but void. The subsequent filing of the demurrer could not therefore operate retrospectively to give life to a void judgment.

5. Appellants assert that there is another plain, speedy, and adequate remedy, and on this ground deny respondent's right to invoke the remedy of certiorari.

Section 5742 of the Revised Laws, it is said, furnishes this remedy. The only portion of the section which might be considered applicable reads:

"The court may also, on such terms as may be just, and on the payment of costs, relieve a party from a judgment by default taken against him by his mistake, inadvertence, surprise, or excusable neglect, but the application for such relief must be made within ten days after notice of the entry of the judgment and upon an affidavit showing good cause therefor."

6. The district court held that this provision did not apply to a judgment wholly void for the lack of jurisdiction of the person of the defendant, and we think the court was right in this conclusion. A defendant against whom such a judgment has been rendered is entitled to be relieved from its effects without being penalized to any extent. So it is clear from the provisions of this statute, providing terms and the payment of costs as conditions of relief from a judgment by default taken against a party by reason of his mistake, inadvertence, surprise, or excusable neglect, that judgments void for want of jurisdiction are not within the scope of the statute. A party's right to relief from such a void judgment is absolute, and not dependent upon any of the elements of excuse enumerated in the statute; nor is it dependent upon any showing as to a meritorious defense, which must appear in the affidavit showing good cause for relief, as required in said section 5742.

7. It is insisted that, because the judgment of the justice court was satisfied and discharged before the rendition of the judgment herein appealed from, certiorari cannot lie to annul the former judgment. We are not impressed with this contention. While the ruling on this point in the case of State ex rel. Reynolds v. Laurendeau, 27 Mont. 522, 71 Pac. 754, cited by appellants, seems to be in accord with the position taken by them, the contrary view is, in our opinion, maintained by the weight of better authority. Passing upon the

question in Clark v. Ostrander, 1 Cow. (N. Y.) 437, 13 Am. Dec. 546, the court said:

"The settlement and set-off of the judgment does not supersede the certiorari. The defendant, in the small judgment, did no more than he might have been compelled to do by execution. He paid it, but this will not prevent a certiorari."

In 24 Cyc. 767, 768, the rule is thus stated:

"It is no objection to the issuance of a writ of certiorari * * * that the judgment has been paid."

And again in 5 R. C. L. 258:

"It sometimes occurs that the petitioner does not seek relief by certiorari until the judgment rendered against him has been satisfied, but even this will not prevent the issuing of a writ of certiorari, or supersede one already brought."

No sound reason can be advanced why a judgment void for want of jurisdiction cannot be set aside in certiorari proceedings, solely because satisfaction of such judgment has been coerced by execution or the judgment otherwise paid.

The judgment appealed from is affirmed.