STATE EX REL. ST. GEORGE, APPELLANT, *v.* JUSTICE
COURT OF SILVER BOW TOWNSHIP ET AL., RE-
SPONDENTS.

(No. 6,124.)

(Submitted June 6, 1927.    Decided July 7, 1927.)

[257 Pac. 1034.]

*Justice of the Peace Courts—Landlord and Tenant—Unlawful
Detainer—Summons—Return Day—Time—Jurisdiction.*

Justices of the Peace—Landlord and ·Tenant—Unlawful Detainer—
Summons not Required to Specify Hour for Appearance of De-
fendant.
    1.  *Held,* that while in ordinary justice court actions the summons
must specify the hour for the appearance of defendant, in an
action for unlawful detainer, a proceeding special and summary
in nature, the statute providing for which (sec. 9889 et seq., Rev.
Codes 1921) must be strictly construed, the summons need not do
so, the statute not so providing, and the defendant therefore has
all of the return day in which to make appearance.
Same—Unlawful Detainer—Summons must be Served Four Full Days
Before Return Day—Jurisdiction.
    2.  Under section 9895, Revised Codes 1921, summons in an action
for unlawful detainer must be served at least four days *before*
the return day designated therein.  Summons in such an action
was issued out of a justice of the peace court and served on the
eighth day of a certain month and made returnable on the twelfth
of that month.  *Held,* on appeal from a judgment quashing an
alternative writ of prohibition attacking the jurisdiction of the
justice, that the statute contemplates at least four full days
*before* return day; that therefore in computing the time for ser-
vice the return day as well as the day of service, the latter under
section 10707, Revised Codes, relating to computation of time gen-
erally in which an act provided by law is to be done, must be
excluded; that, in the instant case, four full days from day of
service to return day had not expired and hence that the justice
court did not obtain jurisdiction of the action.

[1]  Justices of the Peace, 35 **C. J.**, sec. 70, p. 506, n. 22.  Landlord
and Tenant, 36 **C. J.**, sec. 1796, p. 615, n. 68, p. 616, n. 73, 82, 90;
sec. 1856, p. 650, n. 49, 55 New, 59.
    [2]  Time, 38 **Cyc.**, p. 318, n. 65, 66, p. 325, n. 11.

*Appeal from District Court, Silver Bow County; George
Bourquin, Judge.*

1.  See 16 **R. C. L.** 371.
2.  See 26 **R. C. L.** 744.

Application for a writ of prohibition by the State, on the relation of Albina St. George, directed to the Justice Court of Silver Bow Township, Silver Bow County, and John J. McNamara, Justice of the Peace. From a judgment quashing the writ and dismissing the proceeding, the relatrix appeals. Reversed and remanded.

*Messrs. Maury & Brown,* for Appellant, submitted a brief; *Mr. Lewis R. Brown* argued the cause orally.

*Mr. Timothy F. Nolan* and *Mr. Harlow Pease,* for Respondents, submitted a brief; *Mr. Nolan* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an appeal from a judgment quashing a writ of prohibition, dismissing the proceeding and awarding costs.

January 8, 1927, in justice court of Silver Bow township, in Silver Bow County, before John J. McNamara, justice of the peace, one Frank Boucher filed a complaint in an action in unlawful detainer against Albina St. George, relatrix herein. The same day, a summons in the action, directed to the defendant therein, was issued and it was served that day on Albina St. George, defendant therein and relatrix herein. After the style of the court, the title of the action and the greeting of the state, the summons is as follows:

"You are summoned to answer the complaint in this action, which is filed in the above-entitled court, and a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the plaintiff's attorneys on the 12 day of January, 1927; and in case of your failure to appear or answer, within the time herein designated, judgment will be taken against you by default for the relief demanded in the complaint. This action is for the unlawful detainer by you of the premises described in plaintiff's complaint, a copy of which complaint is hereto attached and herewith served upon you,

and for damages resulting from such unlawful detainer; and the nature of the relief sought by said plaintiff is the restitution of said premises, damages for the occupation, unlawful detention and holding-over of said premises, and that said damages be trebled for such occupation, unlawful detention and holding-over, and for plaintiff's costs in this action."

The summons was dated and was signed by the justice of the peace. The names of plaintiff's attorneys were indorsed on it.

January 11, 1927, relatrix, as the person beneficially interested, filed in the district court her affidavit, setting forth the foregoing related facts, and made application for the issuance of an alternative writ of prohibition, to be directed to the respondents herein and commanding them to desist from any further proceedings in the unlawful detainer action, until further order of the district court, and to show cause why they should not be restrained perpetually therefrom. In addition to the foregoing related facts, the affidavit states that the summons in the unlawful detainer action is void and of no effect, because not served four days prior to January 12, 1927, and because no exact time is set forth therein for the appearance of the defendant, and that because thereof no jurisdiction, in the action, was obtained of the person of the defendant; that, notwithstanding, the justice of the peace threatens to enter therein, against the defendant, a default and, without jurisdiction, to render a judgment against her and will do so unless prohibited by the district court; that the defendant has no plain, speedy and adequate remedy in the ordinary course of law or by appeal or otherwise. Other essential averments are made. A copy of the complaint in the unlawful detainer action was attached.

By order of a judge of the district court, an alternative writ of prohibition, directed to respondents herein, was issued and it was served. It commanded them to desist, until further order, from further proceeding and to appear in court

at a specified time and show cause why they should not be absolutely restrained.

At the appointed time, respondents appeared by counsel and moved to quash the writ and to dismiss the proceeding, upon the ground that the affidavit of relatrix did not state sufficient facts to entitle her to relief. The motion was granted and the court rendered judgment, quashing the writ, dismissing the proceeding and awarding costs. Relatrix appealed and assigns as error, in different specifications, the rendition of the judgment.

Counsel for relatrix make two contentions: (1) They contend that, in a justice court, in an action in unlawful detainer, the summons is required to specify, as in an ordinary action in a justice court, an hour, as well as a day, for the appearance of the defendant. (2) They contend that the summons issued and served in the unlawful detainer action was not served at least four days before the return day designated therein. We shall consider and dispose of both contentions; first, that of naming in the summons an hour.

The Constitution (Art. VIII, sec. 21) and the statutes (sec. [1] 9891, Rev. Codes 1921) of Montana give district courts and justices' courts concurrent jurisdiction in actions in unlawful detainer. Chapter 9, Part IV, of the Code of Civil Procedure, Revised Codes, 1921, treats of forcible entry and unlawful detainer and prescribes the procedure, as a summary proceeding, therein. It must be followed. It applies alike to district and justice courts. Section 9894 tells what must be in the complaint and says "a summons must be issued thereon as in other cases, returnable at a date therein, which shall not be less than four days nor more than twelve days from its date"; and tells how the summons must be served. Section 9895 tells what the summons must state; among other things, the return day; and says it "must notify the defendant to appear and answer within the time

designated or that the relief sought will be taken against him." It says "the summons must be directed to the defendant and be served at least four days before the return day designated therein."

Neither of those sections says anything about designation, in the summons, of an hour of the return day, for the appearance of the defendant; nor is there anything in the entire chapter which indicates that it is required or expected. The chapter tells what must be stated in the summons and, when that is complied with, all is done that is required. Section 9894 says a summons must be issued as in other cases. That refers to the issuance of the summons, not the contents of it; for the next succeeding section tells what must be in it. Manifestly, that means that in a justice court the justice of the peace must issue the summons, signed and dated by him, as in other cases in his court, and that in a district court it must be issued, signed and dated by the clerk, with the court's seal on it, as in other cases in that court.

Chapters 45 to 54, inclusive, Part III, of the Code of Civil Procedure, Rev. Codes, 1921, treat of ordinary actions in justice courts. Section 9631 tells what the summons must contain. Section 9632 says, of the time specified in the summons for the appearance of the defendant, that (except in one instance) "it shall be made returnable in not less than four nor more than ten days from its date." There is nothing in that to require specifying an hour but, inevitably, in ordinary cases, an hour of the return day for the appearance of the defendant must be named in the summons, for section 9664 says "if the defendant fails to appear and answer or demur within the time specified in the summons or one hour thereafter, then, upon proof of service of summons, the court must hear the evidence offered by the plaintiff and must render judgment in his favor for such sum * * * as appears by such evidence to be just."

There is nothing of that kind in the chapter on forcible entry and unlawful detainer. To the contrary, section 9897 says ''on or before the day fixed for his appearance, the defendant may appear and answer or demur'' (as in ordinary cases in a district court) and section 9896 says ''if, at the time appointed, defendant does not appear and defend, the court must enter his default and enter judgment in favor of the plaintiff, as prayed for in the complaint.'' There is no waiting one hour. There is no hour required to be specified after which the court and plaintiff must wait an hour. The defendant has all of the return day in which to appear. It is a special proceeding and the provisions of the chapter govern; we may not add to them.

On that question, counsel on either side have not cited any authority in point and, after diligent search, we have not been able to find any exactly in point. Counsel for relatrix cite a number of authorities but all relate to ordinary actions in justice courts. Here, we have a different proceeding.

In *Smith* v. *Seattle Camp No. 69, W. O. W.,* 57 Wash. 556, 107 Pac. 372, the opinion says: ''The forcible entry and detainer statute, being a special proceeding, is not governed by any of the provisions of the general practice act and its provisions in regard to the time and manner of bringing actions thereunder must be strictly construed (citing authorities). * * * Recourse must alone be had to the act under which the action is brought.'' In *Big Bend Land Co.* v. *Huston,* 98 Wash. 640, 168 Pac. 470, a case in unlawful detainer, the opinion says: ''It is an elementary rule of universal application, in actions of this character, that the statute conferring jurisdiction must be strictly pursued.'' However, we do not think authorities are needed. Our statute is plain and, when followed, as it must be, the procedure is sufficient. We hold the summons in the unlawful detainer action

is sufficient in form and that it did not have to name an hour of the return day, for the appearance of the defendant.

We take up now the contention of counsel for relatrix that [2] the summons was not served at least four days before the return day.

The statute requires the summons to be served at least four days before the return day. The return day was January 12. The summons was served January 8. Was that service at least four days before January 12? An issue such as that does not appear to have been decided heretofore by this court. There are some decisions of this court as to computation of time but they relate to requirement of doing a thing within a certain time after an event or date; none appear applicable to this precise sort of a question. Counsel for respondents rely on section 10707, Revised Codes, 1921: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." However, in our opinion, that section is not applicable to the question here at issue. It says "the time in which any act * * * is to be done." The words "in which" and "within which" (the latter the equivalent of the former and more often used) import, we think, something to be done in or within a certain time after an event or date. The act here required was required to be done at least four days before a certain day. The authorities draw quite a distinction between doing a thing within a certain time after an event or date and doing a thing so many days before a certain day. Again, some authorities draw a further distinction between doing a thing so many days before an act, event or thing (such as "an appearance"), which may be done some time or any time during a day, and doing a thing so many days before a certain day, which must and does begin at midnight before dawn of that day. Of course, a thing to be done in or within twenty days from a certain date may be done on the twentieth

day. There the statutory rule applies; the first day is excluded; the last, included.

However, in this particular instance, the last day, the return day, January 12, must be excluded, because the statute governing (sec. 9895) says so; it says "before" the return day and that necessarily excludes it; it cannot be counted; and section 10707 excludes the first day, as it should be excluded. A summons might be served at 11:55 o'clock P. M. Manifestly, that would not be a day before or one day's notice. That day should not be counted. If a notice were required to be served one day before a certain day and if it were served at 11:55 o'clock P. M., that would not be giving one day's notice. It would be giving five minutes' notice. January 12 began at midnight, 12 o'clock M., the instant of time marking the ending of January 11 and the beginning of January 12. There must have been at least four days, four full days, preceding that instant, when the service was made, for it to be lawful. The latest time when the service could have been made lawfully was a time prior to the midnight instant which divided January 7 and January 8; and that would be necessarily some time on the seventh day of January. A day is composed of twenty-four hours and is the period of time between any midnight and the midnight following. (Sec. 4281, Rev. Codes 1921.) This is not an act required to be done "within" four days before the return day. It must be done at least four days "before" the return day. Manifestly, if done on the fourth day before the return day, counting backward, it would be "within" four days before but that does not satisfy the requirement of at least four days "before." (*Seawell* v. *Gifford*, 22 Idaho, 295, Ann. Cas. 1914A, 1132, 125 Pac. 182.) This is a matter involving jurisdiction, in a special and summary proceeding, and there should have been careful and full compliance with the requirements of law.

Upon this precise question (computation of time in connection with performance of a legal act so many days before a certain day), an exhaustive search of the field of law discloses a sharp and irreconcilable conflict of judicial decisions. There are many decisions on each side.

Cyc., Vol. 38, p. 324, says: "In ascertaining whether process has been served the required statutory time before the return day or the day of appearance, the rule frequently adopted is to exclude the day of service and include the return or appearance day. In some jurisdictions, however, the day of service is included and the return day excluded, while in other jurisdictions either the day of service or the return day is included and the other excluded; and in still other jurisdictions, or in the same jurisdiction but under different statutes, it is held that clear days are contemplated, thus rendering necessary the exclusion of both the day of service and the return day."

R. C. L., Vol. 25, p. 744, says: "As a general rule, where an act is required to be done a specified number of days before an event, the required number of days is to be computed by excluding the day on which the act is done and including the day on which the event is to occur." Note, however, that text says before an "event" and a distinction is drawn sometimes between so many days before an "event" and so many days before a given "day," some courts holding that rule applies to the days preceding an "event" and not to days preceding a given "day." (*People ex rel. Craddock* v. *Barry,* 93 Mich. 542, 18 L. R. A. 337, 53 N. W. 785.) R. C. L., same volume and page, says further: "Under a statute requiring an act to be done 'at least' a given time before a certain date, * * * it must appear that the act was done the full number of days before the required date."

In computing time, counting backward, as to giving notice, making filing, serving process or doing some other legal act so many days before a given day, some of the cases holding

the views herein expressed—that there must be the required number of clear days between, excluding both days—follow: *Succession of Miller,* 107 La. Ann. 561, 32 South. 80 (and other Louisiana cases); *Williams* v. *Halford,* 67 S. C. 296, 45 S. E. 207; *Robinson* v. *Foster,* 12 Iowa, 186; *Cheek* v. *Preston,* 34 Ind. App. 343, 72 N. E. 1048; *Montgomery* v. *Adams,* 51 Ala. 449 (and other Alabama cases); *Dickinson* v. *Lee,* 2 Coldw. (Tenn.) 615; *Morris* v. *Morris,* 4 Boyce (Del.), 431, 89 Atl. 54; *State* v. *Consumers' Water Co.,* 56 N. J. L. 422, 28 Atl. 578; *Chicago* v. *Vulcan Iron Works,* 93 Ill. 222; *Steuart* v. *Meyer,* 54 Md. 454; *Isabelle* v. *Iron Cliffs Co.,* 57 Mich. 154, 23 N. W. 613; *Coquard* v. *Boehmer,* 81 Mich. 445, 45 N. W. 996; *Rifenburg* v. *Muskegon,* 83 Mich. 279, 47 N. W. 231 (and other Michigan cases); *German Bank* v. *Stumpf,* 73 Mo. 311 (and other Missouri cases); *Marvin* v. *Marvin,* 75 N. Y. 240 (and other New York cases); *Ward* v. *Walters,* 63 Wis. 39, 22 N. W. 844; *Lefavour* v. *Bartlett,* 42 N. H. 555; *White* v. *German Ins. Co.,* 15 Neb. 660, 20 N. W. 30; *Pisar* v. *State,* 56 Neb. 455, 76 N. W. 869; *Brisben* v. *Wilson,* 60 Pa. 452; *Penn Plate Glass Co.* v. *Spring Garden Ins. Co.,* 189 Pa. 255, 69 Am. St. Rep. 810, 42 Atl. 138 (and other Pennsylvania cases); *Garvin* v. *Jennerson,* 20 Kan. 371; *Reed* v. *Sexton,* 20 Kan. 195; *Wing* v. *Cleveland,* 14 Ohio L. J. 190; *Mooar* v. *Cov. City Nat. Bank,* 80 Ky. 305; *Halbert* v. *San Saba Springs L. & L. Assn.,* 89 Tex. 230, 49 L. R. A. 193, 34 S. W. 639 (and other Texas cases); *Millard* v. *Willard,* 3 R. I. 42; *Goldsworthy* v. *Coyle,* 19 R. I. 323, 33 Atl. 466; *Willey* v. *Laraway,* 64 Vt. 566, 25 Atl. 435; *Greve* v. *St. Paul, S. & T. F. R. Co.,* 25 Minn. 327; *Jones* v. *State,* 42 Ark. 93; *Knoxville C. M. Co.* v. *Lovinger,* 83 Ga. 563, 10 S. E. 230; *Stewart* v. *Griswold,* 134 Mass. 391; *Seawell* v. *Gifford* (Idaho), supra. Many more American cases could be added, as a result of our research; many English cases, also, could be cited; but it is unnecessary to lengthen this opinion by further citations. Some of the states from which cases are

cited, it appears, when the cases were decided, had the same statute as ours (sec. 10707) for computation of time in which an act may be done but it makes no difference, on principle, if others did not. Our statute and like statutes are but legislative enactments of the common law. It had long been the common law that, in computing time, for an act to be done in or within so many days after an event, one of the days was to be included and the other excluded. Therefore, the cases cited hold that rule does not apply in such a case as this.

There is no lack of decisions holding to the contrary of those we have cited; there appear to be quite as many; but we believe the rule declared by those cited to be the sounder and based on the better reasoning and to be in accord with the intent of our statutes.

We hold that, in the unlawful detainer action involved herein, the summons was not served at least four days before the return day designated therein. It follows that the justice court obtained no jurisdiction of the person of the defendant therein, relatrix herein. (*Sanford* v. *Edwards,* 19 Mont. 56, 61 Am. St. Rep. 482, 47 Pac. 212; *State ex rel. Reagan* v. *Harrington,* 31 Mont. 294, 78 Pac. 484; *Wilcox* v. *Toston State Bank,* 53 Mont. 490, 165 Pac. 292.) We hold that the district court erred in quashing its alternative writ of prohibition and rendering judgment against relatrix.

The judgment is reversed and the cause is remanded, with directions to the district court to reinstate the writ of prohibition and to make it peremptory and permanent.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.